### 10726

### PEETS v. WRIGHT

(109 S. E. 129)

1. WILLS—PERSON SUCCEEDING TO INTEREST OF TENANT IN COMMON TAKES INTEREST SUBJECT TO ACCOUNTING FOR RENTS.—Where tenant in common in possession of property died devising his interest to his wife, she took such interest subject to an accounting due by her deceased husband to the cotenants for rents, taxes, etc., on sale of the premises in partition proceeding.

2. TENANCY IN COMMON—ACCOUNTING BETWEEN TENANTS FOR RENTS INCIDENT TO PARTITION.—Accounting for waste, betterments, and rents among cotenants is an incident to the right of partition.

3. HOMESTEAD—PARTITION—TENANT IN COMMON NOT ALLOWED HOMESTEAD AS AGAINST CLAIMS OF COTENANTS AND THEIR RIGHT TO PARTITION.—A tenant in common will be allowed his homestead in the common property as against the claims of his creditors, but not as against the claims of his cotenants, so as to defeat their right to partition and an accounting for rents and profits.

4. LIMITATION OF ACTIONS—STATUTE HAS NO PLACE IN ACCOUNTING BETWEEN COTENANTS.—In action between cotenants for an account for rents, the statute of limitations has no place.

Before WHALEY J. County Court, Richland, October, 1920. Modified and remanded.

Action by Rosina Sterlita Peets by P. J. Chavis, Guardian ad litem against Anna Wright.

From judgment both parties appeal.

The report of the Master was as follows:

I, the undersigned Master, have to report: .

1. Pursuant to an order of reference heretofore granted by Hon. M. S. Whaley, presiding Judge of the County Court, dated July 11, 1919, referring the above-entitled cause to J. C. Townsend, Master in Equity for Richland County, "to take the testimony and report the same with all convenient speed to this Court, together with his findings of law and fact thereon, and that he have leave to report any special matter, I held several references herein attended by counsel of record, took the testimony offered which is herewith reported, and therefrom I find and conclude as follows:

2. I find that Rosina Wright was seized and possessed of certain lots of land described in the complaint, holding the same under deed from Caroline Waters ·dated February 28, 1887, recorded March 26, 1887, in Deed Book R, at page 202; that some time since and a long time prior to this date said Rosina Wright departed this life intestate, leaving as her only heirs and distributees at law her husband, Sterling Wright, and a daughter by a previous marriage, Julia F. Peets.

3. That the said Julia F. Peets departed this life on or about July 4, 1909, leaving as her only heirs and distributees at law her husband, A. E. Peets, and one daughter, ·Rosina Sterlita Peets, the plaintiff herein.

4. That the said A. E. Peets, husband of Julia F. Peets, departed this life on or about July 5, 1917, leaving as his only heirs at law and distributees his daughter, Rosina Sterlita Peets, the plaintiff herein.

5. That the said Sterling Wright departed this life on or about August 30, 1918, intestate in so far as the testimony shows, leaving as his known heirs at law his wife, Anna Wright, one of the defendants herein.

6. I find, therefore, that the parties entitled to the distribution of said property as described in the complaint,

is the plaintiff, Rosina Sterlita Peets, entitled to two-thirds thereof, and Anna Wright, wife of Sterling Wright, and the other heirs of Sterling Wright, if any, are entitled to the other one-third thereof.

7. I find that said premises have been in possession of Anna Wright and her predecessors from whom she inherited for and during the term since the death of the said Rosina Wright, to the exclusion of Rosina Sterlita Peets and those from whom she inherited, and that the same is still in the possession of the defendant, Anna Wright.

8. In this case there was voluminous testimony taken as to an accounting between the parties in interest from the death of Rosina Wright when the property was in the possession of the heirs at law of Rosina Wright, to wit: Sterling Wright and Julia F. Peets, and after the death of Julia F. Peets when the same was in the possession of the said Sterling Wright and Anna Wright and during which time improvements were made on the property by those in possession and for which an accounting should have been had between the administrator, if any, of Julia F. Peets and Sterling Wright, but it appears that none were ever had, and the attempt is now made to set up such an accounting in this action against Anna Wright on behalf and for the interest of Rosina Sterlita Peets, heir at law of Julia Peets, and her father, A. E. Peets. I have therefore eliminated an accounting between these parties in the property from the death of Rosina Wright to the time of the death of Julia Peets, and from whom Rosina Sterlita Peets inherited the same, and from which time only this plaintiff, Rosina Sterlita Peets, has had an interest in said premises and since which time said premises have been occupied, and in the possession of Sterling Wright and his wife, Anna Wright, the defendant herein.

9. That any and all of such improvemeits made by Sterling Wright during his occupation and possession of the

premises could not now inure to the benefit of Rosina Sterlita Peets, and that an accounting for rents and improvements as between the parties then entitled to the possession of the premises should be deemed and declared to be a balance of accounts.

10. I herewith submit a statement of the accounts proven between the plaintiff and defendant in this action, to wit, Rosina Sterlita Peets, plaintiff, and Anna Wright, defendant:

11. I find that the defendant, Anna Wright, is entitled to a credit for the taxes, repairs, and insurance paid on said premises, and that the plaintiff, Rosina Sterlita Peets, is entitled to the repayment of taxes paid by her and for two thirds of the value of a reasonable rent for said premises from the time of the death of her mother, Julia F. Peets, to wit, July 4, 1909, to the date of this report, to wit, September 10, 1920.

12. The following is a statement of the account between the parties plaintiff and defendant herein as best same can be determined from the evidence produced: The following is a statement of accounts Anna Wright is entitled to credit:

| | | |
|---|---|---|
| Taxes, city: | 1909 | $ 5 10 |
| | 1910 | 6 10 |
| | 1911 | 6 40 |
| | 1912 | 6 40 |
| | 1913 | 6 80 |
| | 1914 | 6 60 |
| | 1915 | 7 20 |
| | 1916 | 8 83 |
| | 1918 | 12 00 |
| | | ————$ 65 43 |
| Taxes, county: | 1915, February | $ 7 20 |
| | 1915, December | 7 20 |
| | 1917, January | 13 86 |
| | 1917, December | 7 92 |

| | | |
|---|---|---|
| 1918, December ........ | 7 20 | |
| 1919, March ........... | 8 24 | |
| | | $ 51 62 |
| Repairs, 1916: Toilet .................. | $ 9 00 | |
| Wire fence ............. | 14 35 | |
| Wire ................. | 4 50 | |
| Labor on toilet .......... | 9 20 | |
| Labor on wire fence ...... | 2 40 | |
| | | $ 39 40 |
| Insurance: 1917, Miller .............. | $ 8 00 | |
| 1916, Miller ............. | 8 00 | |
| 1910, Bollin ............. | 12 00 | |
| 1913, Bollin ............. | 17 60 | |
| | | $ 45 60 |
| | | $202 05 |

The following is a statement of accounts to which Rosina Sterlita Peets is entitled to credit:

Taxes, city, 1917 ........................ $    10 30
Rents, July 4, 1909, to September 10, 1920, 134.2
   months, at $15 per month, $2,003, two-thirds
   to Rosina Sterlita Peets ................   1,335 33

                                             $1,345 63
Less credits Anna Wright .................     202 05
   Balance due plaintiff ..................  $1,142 58

13. Testimony was introduced giving various amounts as to the rental value of the premises from the year 1909 to the present date, ranging from a valuation of twelve ($12.00) dollars per month to twenty-two ($22.00) dollars per month. I have therefore struck an average, and am allowing a rental of $15 a month which I find to be a fair average, taking into consideration that the smaller valuation was made for a longer length of time than the larger valuation as shown by the testimony, and have given credit to

Rosina Sterlita Peets for two-thirds of said amount, which I find to be reasonable to be allowed in adjusting the accounts between the parties to this action.

14. That after giving credit for the amount of expenditures by the defendant, Anna Wright, and allowing credits to Rosina Sterlita Peets, I find that there is a balance due the plaintiff in this action of $1,142.58.

15. I further find that the plaintiff, Rosina Sterlita Peets, is entitled to judgment against the defendant, Anna Wright, in the sum of $1,142.58, same being the balance due according to the foregoing statement on account of the tenancy and occupancy by the defendant, Anna Wright, in and to said premises for and during the time covered by the foregoing statement.

16. The property being impracticable of division in case of settlement, I would recommend that the premises be ordered sold, and the proceeds arising from the sale of said premises, after the payment of the costs and disbursements of this action, be distributed to those thereunto entitled to the interest of the parties as set forth in the foregoing report.

All of which is respectfully submitted.

The decree of the trial Judge was as follows:

This matter comes before me on exceptions by both parties to the report of J. C. Townsend, Master. The facts will be found in said report.

Exception No. 1 of the defendant pertains to what was evidently an oversight on the part of the Master as to a finding of fact, which fact can have no particular bearing on the issues.

Exception 3, subdivision (a), (b), and (c) of the defendant, is the only one meriting serious consideration. If rent accrued prior to Sterling Wright's death in 1918, the respective representatives of the several decendants

would be liable and not the defendant, Anna Wright.   *Huff v. Latimer,* 33 S. C. 259, 11 S. E. 758.

But the defendant is bound by the order of this Court wherein I refused to make the personal representative of Sterling Wright a party, and allowed the defendant to ser up a claim for any improvements made by Sterling Wright during his exclusive use of the premises.   Under that order, from which there was no appeal, rents and improvements were to be considered by the Master during the period of Sterling Wright's exclusive possession, from July 4, 1909, to August 30, 1918.   However, as to any rent prior to that under *Huff v. Latimer,* supra, there could be no accounting; and, even if there were, a balance, as the Master found, would have to be struck between the improvements and such rent for that period.   The testimony is very vague as to when the house was remodeled, but it was safe to conclude that same was done prior to 1909.

The Master's report, considering the uncertainties arising from the testimony, and except for the error of fact noted in exception 1, correctly finds on all the issues.

Another matter which was heard before me at the same time as the above appeal came upon the petition of the defendant to have a homestead set aside out of the proceeds of the sale before any part of such proceeds are applied to the payment of the rents due by her to the plaintiff.

In their verbal return in open Court the plaintiff's attorneys stated that they did not contest this right to homestead, but that such right was prematurely asserted in that defendant was only entitled to claim a homestead in the amount found to be her distributive share after an accounting.   So much is true.   *Small v. Usher,* 77 S. C. 115, 57 S. E. 623.   But the Court can ascertain whether she is entitled to $1,000 homestead exemption, not in the undivided interest, but in the proceeds of her interest after

division, and to the extent of such interest, not over $1,000, allow her to retain so much of the rent money as will offset the value of her one-third interest, which value will be determined at the sale.

It is therefore ordered: First, that the Master's report be, and the same is hereby, confirmed; second, that the defendant, Anna Wright, be allowed to retain as homestead out of the rent money due by her to plaintiff so much as her one-third interest may bring at the sale, not exceeding the sum of $1,000.

Defendant's exceptions were as follows:

1. The defendant, Anna Wright, excepting to the order of his Honor, the County Judge, alleges that he erred in holding and finding as follows: "Exception No. 1 of the defendant pertains to what was evidently an oversight as to a finding of fact, which fact can have no particular bearing on the issues." Whereas he should have held, as pointed out by the defendant's first exception to theMaster's report, that inasmuch as Sterling Wright left of full force and effect his last will and testament, by which the testator devised his interest in the premises in question to the defendant, Anna Wright, one-third of the premises in question were vested in the defendant, Anna Wright, to the exclusion of other heirs at law of Sterling Wright.

2. Because his Honor erred in holding as follows: "But the defendant is bound by the order of this Court wherein I refused to make the personal representative of Sterling Wright a party and allowed the defendant to set up a claim for any improvements made by Sterling Wright during his exclusive use of the premises. Under that order, from which there was no appeal, rents and improvements were to be considered by the Master during the period of Sterling Wright's exclusive possession, from July 4, 1909, to August 30, 1918. However, as to any rent prior to that under *Huff v. Latimer,* supra, there could be

no accounting, and even if there were, the balance, as the Master found, would have to be struck between the improvements and such rent for that period. The testimony is very vague as to when the house was remodeled, but it was safe to conclude the same was done prior to 1909"—the error in the foregoing extract being in his Honor's holding that because the Court had, by a previous order, refused to make the personal representative of Sterling Wright a party defendant to the action, and had allowed the defendant to set up a claim for any improvements made by Sterling Wright during his exclusive use of the premises, the defendant was precluded from denying liability for two-thirds of the rental value of the premises since the death of Julia Peets, mother of the plaintiff.

3. Because his Honor erred in construing his order of July 29, 1919, as holding the defendant, Anna Wright, liable for two-thirds of the rental value of the premises in question, and in holding said order as res adjudicata of the question raised by the defendant's third exception to the Master's report, when he should have held that the order of July 29, 1919, merely adjudicated that it was not necessary to have Sterling Wright's personal representative made a party to the action, and, in this connection, his Honor should have held that the plaintiff's failure to appeal from the said order of July 29, 1919, precluded her from obtaining judgment for said rents and profits against the personal representative of Sterling Wright, and also the defendant, Anna Wright, individually.

4. Because his Honor erred in overruling the defendant's third exception to the Master's report, which was as follows: "(3) Because the Master erred in rendering judgment in favor of the plaintiff for the sum of $1,142.58, when said judgment should have been for only $518, on the accounting between the parties, if for anything"—and in sustaining the Master's report, when he should have

held that the defendant, Anna Wright, was liable only
for the rental value of the premises since the death of her
husband, Sterling Wright, which took place on the 30th
of August, 1918, as shown by the Master's report.

## PLAINTIFF'S EXCEPTIONS.

1.   Because the one-third interest in the premises owned
by the heirs of Sterling Wright is chargeable with one-
third of the costs of taxes, insurance and repairs upon
the property; and his Honor erred in crediting the said in-
terest with the full amount thereof.

2.   Because his Honor erred in holding that the defend-
ants are entitled to receive one-third of the proceeds from
the sale of the premises; whereas he should have held that
the defendants are entitled to receive only so much of
the one-third of the proceeds as remains after adjust-
ment of the equities in accordance with the findings upon
the accounting.

3.   Because his Honor erred in holding that a claim of
homestead by a co-tenant arrests the Court of Equity in
the adjustment of the equities among the co-tenants in
the common property and compels it to pay over the pro-
ceeds of the legal interest of such co-tenant in the prop-
erty; whereas he should have held that the homestead
exemption reaches only such portion· as remains to the
co-tenant after adjustment of the equities.

*Mr. Jas. S. Verner,* for the defendant, cites: *Personal
representative of defendant's husband should have been
made a party, action being brought within a year after
his death:*  49 S. C. 41;   83 S. C. 165; 33 S. C. 601.
*Fact of such testacy not appearing in the complaint it was
necessary to allege it in the answer:*  69 S. C. 40;  72 S. C.
39.   *Claim for rent passes upon death of the landlord to
his executor or administrator, not to his heirs;* 33 S. C.
259; *and claim against him likewise:* 205 W. Rep. 522.

*Plaintiff and defendant became co-tenants only on the death
of defendant's husband*:   109 S. C. 451;  *Only when oc-
cupying   tenant is allowed compensation for improve-
ments placed thereon by his ancester that he is accountable
for the use and occupation by such ancester*:   81 S. C.
282; 1 A. L. R. ˙ 1189.  *Claim for rents will not be al-
lowed to exceed claim for improvements*:   81 S. C. 282;
5 Rich. Eq. 301; Chev. Eq. 213; 1 A. L. R. 1221.  *Statute
of Limitations runs against claim for rent*:   81 S. C. 282;
53 S. C. 350;  5 Rich. Eq. 263;  15 S. C. 308.  *Widow
entitled to homestead against debts of husband*:  29 S. C.
508; 32 S. C. 439;  Art. III, Sec. 28, Const. 1895: 1 Civ.
Code 1912, Sec. 3714.

*Messrs. T. St. Mark Sasportas* and *Butler W. Nance,*
for plaintiff, cite:  *Right of partition paramount to
right of homestead*:   26 S. C. 227.  *Co-tenant's share
subject to accounting for rents and profits*:   81 S. C. 288;
77 S. C. 115; 16 S. C. 218.  *Homestead cannot be allowed*:
14 S. C. 20.  *Except out of proceeds from sale*:   77 S. C.
115;   104 S. E. 320.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for partition of a lot in the  city  of  Colum-
bia, involving questions of accountability for rents,
betterments, taxes, and homestead.  The lot belonged to
Rosina Wright, who died at an unstated time prior to
1903, intestate.  Her heirs at law were a husband, Ster-
ling Wright, and a daughter, Julia Peets.  The daughter
died in 1909, intestate.  Her heirs were her husband, A. E.
Peets, and a daughter, the plaintiff, Rosina Peets.  A. E.
Peets died in 1917, leaving a will naming his daughter,
Rosina, his sole devisee.

Upon the death of Rosina Wright, her title descended, one-third to her husband, Sterling Wright, and two-thirds to her daughter, Julia Peets. Upon the death of Julia Peets, her two-thirds interest vested in her husband, A. E. Peets, one-third of said two-thirds, two-ninths, and in her ·daughter, Rosina Peets, two-thirds of said two-thirds, four-ninths. Upon the death of A. E. Peets his two-ninths interest vested under his will in his daughter, Rosina Peets, so that she became seized of the original two-thirds interest of her mother, Julia Peets. Sterling Wright, husband of Rosina Wright, who inherited one-third interest in the lot, went into exclusive possession of it in 1903, and married the defendant, Anna Wright. He died in 1918, leaving a will by which he devised his one-third interest to Anna Wright, his second wife. At that time the plaintiff, Rosina Peets, and the defendant, Anna Wright, became tenants in common, owning respectively two-thirds and one-third interests.

The rental value of the premises has been fixed by the Master and by the trial Judge at $15 per month. The Master adopted as the initial date of the accounting July 4, 1909, that being the date of the death of Julia Peets, mother of the plaintiff, deciding that the claim for rent prior to that date against Sterling Wright should be offset against improvements, betterments, and taxes paid out by him. To this action all parties appear to have consented.

The rental value for which Sterling Wright was accountable, from July 4, 1909, to the date of his death, August 30, 1918, is two-thirds of $1,648, $1,098.66; Anna Wright, from August 30, 1918, to September 10, 1920, (date of Master's report) two-thirds of $365, $243.34—total, $1,342. (Error of $6.67 in the Master's calculation.)

Anna Wright was allowed credit for city taxes, State and county taxes, repairs and insurance paid by both Sterling Wright and herself, between July 4, 1909, and Sep-

tember 10, 1920, amounting to $202.05 and Rosina Peets for $10.30 taxes. In stating the account, the Master allowed Anna Wright credit for the whole sum of $205.05, whereas he should have allowed her credit for only two-thirds of that sum, $136.70. A proper statement of the account upon the basis adopted by the Master would therefore be:

Rents accountable by—

| | |
|---|---|
| Sterling Wright | $1,098 66 |
| Anna Wright | 243 34 |
| | $1,342 00 |

| | | |
|---|---|---|
| Less two-thirds of taxes, repairs, etc. | $136 70 | |
| Less one-third of taxes paid by Rosina Peets | 3.43 | 133 27 |
| | | $1,208 73 |

The defendant, Anna Wright, objects to being held accountable for this item of $1,098.66, for which Sterling Wright was accountable.

If Sterling Wright were alive and a party to this 1, 2 suit, and it appeared that he was personally accountable to his cotenant for $1,098.66, his proportion of the rental value of the premises while he had been in possession, it would unquestionably be held that in the division of the proceeds of sale he must account therefor. As it is, Sterling Wright is dead, and Anna Wright has succeeded to his interest. If the devolution of his interest upon her cannot confer a greater interest than he had, and if his interest would have been subject to this accounting, it is difficult to see why her interest would not be also.

"Accounting for waste, for betterments, and for rents among cotenants is now recognized as an incident to the right of partition, and the universal practice for the Court

of equity is to adjust all these matters in the suit for partition." *Vaughn v. Langford,* 81 S. C. 282, 288, 62 S. E. 316, 318 (128 Am. St. Rep. 912, 16 Ann. Cas. 91).

The defendant's claim to a homestead is concluded by the decision of this Court in the case of *Tedder v. Tedder,* 115 S. C. 145, 104 S. E. 318, where it is said:

"A tenant in common will be allowed his homestead in the common property as against the claims of his cred· itors, but not as against the claims of his cotenants, so as to defeat their right to partition, or an accounting for rents and profits received by him."

Some suggestion is made in the argument of defendant's counsel in reference to the statute of limitations against the accountability for rental value. No such question was raised before either the Master or trial Judge, and will not be considered here, other than to say that the case of *Vaughn v. Langford,* 81 S. C. 282, 286, 62 S. E. 316, 128 Am. St. Rep. 912, 16 Ann. Cas. 91, declares that the statute has no place in such an accounting.

Let the report of the Master, the decree of the trial Judge, and the exceptions be reported.

The case will be remanded to·the County Court of Richland County, with directions to formulate a decree of partition and sale providing: (1) That from the proceeds of sale there shall be first paid the costs and expenses of this action in the lower Court and on the sale; (2) that two-thirds of the remaining net proceeds of sale be paid to the plaintiff or her attorneys; (3) that out of the one-third remaining the plaintiff's costs and disbursements of the Supreme Court be first paid; (4) That from the remainder of said one-third, there shall be paid to the plaintiff or her attorneys the sum of $1,208.73 with interest at 7 per cent. from September 10, 1920, together with $10 per

month, two-thirds of rental value of the premises, from September 10, 1920, to day of sale; (5) that the remainder of said one-third be paid to the defendant or her attorney.

The judgment of this Court is that the judgment of the County Court be modified as herein indicated, and that the case be remanded to that Court for such further orders as may be necessary to carry into effect the conclusions herein announced.