0631

Kelly C. ACKERMAN and Delaney C. Batson, Appellants v. Charles W. HEARD, Sara P. Purkerson, and Palmetto Production Credit Association, Defendants, of whom Charles W. Heard is, Respondent.

(340 S. E. (2d) 560)

Court of Appeals

*John M. Gulledge,* Greenwood, *for appellants.*

*Marvin R. Watson,* Greenwood, *for respondents.*

Heard Dec. 16, 1985.

Decided Feb. 10, 1986.

GARDNER, Judge:

This is an appeal in a partition and accounting action. We reverse.

Ackerman and Batson (the plaintiffs) together own a one-half interest in the subject 100-acre tract of land as tenants in common with Heard (the defendant).

The property was purchased for speculation by the defendant and plaintiffs' father, their predecessor in title, in 1973. The defendant has been the sole occupant since the purchase of the land and has maintained a limited agricultural operation (livestock) on about 30 acres of the land. The plaintiffs and defendant had an understanding that the defendant could use the land as he wished until it was sold. Plaintiffs received no income from the property; they, however, paid their one-half of the property taxes. The defendant reported his expenses as deductions on his income tax returns. In 1981, the plaintiffs discovered that the defendant had cut the timber and pulpwood on the subject land without their knowledge or consent and without paying to them their share of the proceeds. This action for accounting and partition followed.

The defendant's answer contained a defense and counterclaim in which he alleged a management agreement with plaintiffs' father whereby the defendant was to maintain and improve the property and pay expenses from profits; and on this counterclaim he asked for one-half of the expenses incurred.

The appealed order provided (1) for a sale of the property, (2) that the value of the timber sold from the subject land

was $4,787.77, and that plaintiffs were entitled to half of this, and (3) denial of relief to the defendant on the basis of an agreement with the plaintiffs' father because of the Statute of Frauds but allowed the defendant one-half of the expenditures for the maintenance of the property, hereinafter discussed, on the basis of improvements.

Heard testified he made several improvements on the property which included installing new fencing after cutting down a hedgerow, cutting a fire lane around the tract, repairing a barn located on the property, graveling the gate entrance road, and maintaining pasture lands. The appealed order allowed the defendant one-half of $4,208.29 for reasonable expenditures and improvements.

The land was purchased in 1973 for $475 per acre. The defendant testified that its value at the time of the hearing in 1978 was $1,400 per acre. On the other hand an appraiser for the plaintiffs testified that the top value for the land would be $1,300 per acre for speculative purposes (ostensibly because of development potential). This appraiser testified that this fair market value was greater than its value as purely agricultural property. A real estate broker testified that the barn and fences do not significantly enhance the value of the property but that bulldozing the hedgerow would affect the marketability of the property because removing something that is unattractive certainly would help the value; however, no evidence was introduced to show how much this enhanced the value of the property.

The dispositive question before the court is whether the preponderance of the evidence shows that the defendant's improvements increased the value of the property so that the plaintiffs would be unjustly enriched if not required to pay a share of the enhanced value of the land.

This partition and accounting action comes within the equitable jurisdiction of the court. *Wolf v. Hayes*, 161 S. C. 293, 159 S. E. 620 (1931). The case was tried by a judge alone. This court, therefore, has jurisdiction to reach its own conclusion as to the preponderance of the evidence.

The general rule is that a joint tenant who, at his own expense, places permanent improvements upon the common property is entitled in a partition suit to compensation for the improvements whether his cotenants

assented thereto or not. Compensation is allowed not as a matter of legal right but purely from the desire of a court of equity to do justice and to prevent the one tenant from becoming enriched at the expense of another. In the absence of consent, which we did not have in the case before us, the amount of compensation is estimated by and *limited to* the amount by which the value of the common property has been enhanced. *Shumaker v. Shumaker*, 234 S. C. 421, 108 S. E. (2d) 682 (1959).

We find as a matter of fact that the only expenditures made by the defendant which may have improved the value of the land beyond its value as a speculative investment was the charge for the removal of the unsightly hedgerow and the cutting of a fire lane around the perimeter of the property. We, however, find no evidence of record which establishes an amount by which the value of the property was thus enhanced; the defendant offered no such proof and, therefore, failed to carry the burden of proof to establish his claim; for this reason, we reverse the trial judge's compensation award to the defendant.

All other issues raised by the appeal have no merit and we so hold.

For the reaons stated, the judgment below is reversed and the case is remanded for entry of judgment in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.