THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michelle
 Stephens Stokes Townsend f/k/a Michelle Stephens Stokes, Appellant,
 v.
 
 Charles Jack Rogers and Mary R. Guy, Respondents.
 
 
 

Appeal From Greenville County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-171
Submitted March 3, 2008  Filed March 12,
 2008    
AFFIRMED

 
 
 
 Adam  Fisher, Jr., of Greenville, for Appellant
 E. Zachary Horton, of Greenville, for Respondents.
 
 
 

PER CURIAM:  Michelle Stephens Stokes Townsend appeals the circuit
 courts referral of this case to the master-in-equity.  We affirm[1] pursuant to Rule 220, SCACR, and the following authorities:  Marion
 Cotton Oil Co. v. Townsend, 222 S.C.
 32, 36, 71 S.E.2d 500, 501 (1952) (stating there is a distinction between a
 suit on an account and one for accounting, for while the latter is strictly an
 equitable cause, it is not true of the former):  Peets v. Wright, 117
 S.C. 409, 109 S.E. 649, 653 (1921) (Accounting for waste, for betterments, and
 for rents among co-tenants is now recognized as an incident to the right of
 partition, and the universal practice for the Court of equity is to adjust all
 these matters in the suit for partition.); Laughin v. O Braitis, 360
 S.C. 520, 524, 602 S.E.2d 108, 110 (Ct. App. 2004) (stating a partition action,
 as well as an action for accounting, is an action in equity); Ackerman v.
 Heard, 287 S.C. 626, 629, 340 S.E.2d 560, 562 (Ct. App. 1986) (stating
 compensation to a co-tenant is allowed not as a matter of legal right but
 purely from the desire of a court of equity to do justice and to prevent the
 one tenant from becoming enriched at the expense of another).
AFFIRMED.
HUFF,
 KITTREDGE, and WILLIAMS, JJ. concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.