## 8270

### LEE v. HILL.

1. MORTGAGE LIEN—TENDER.—A mortgage lien is not discharged by an offer by mortgagee to have the debt secured by the mortgage paid by another and the papers assigned to him.

2. IBID.—IBID.—WAIVER.—A mortgagee may waive a legal tender of the amount due on a mortgage debt by rendering an incorrect account and declining to accept anything unless the amount claimed is paid. But if he insisted on payment of such amount in the honest belief that it was correct and such belief was based on reasonable grounds, a legal tender of the amount actually due would not discharge the lien.

3. DAMAGES.—The measure of damages for failure to deliver rent cotton on the day it was to be delivered is the difference between the value of the cotton on the date it should have been delivered and the date it was delivered and the interest on the value on the day it should have been delivered to the day of payment.

4. ACCOUNT—INTEREST.—A contract to pay interest on an open account from a certain date is valid and when the amount due on that date is ascertained, interest should be calculated on that amount from the date agreed on. That the debtor disputes some items in the account does not affect it.

Before Aldrich, J., York, April term, 1910. Reversed.

Action by David Lee against W. L. Hill, trading as Hill Banking and Mercantile Co., and Harvey Sherer. Defendants appeal.

*Mr. W. W. Lewis,* for appellants, cite: *As to the law of tender:* 38 Am. R. 361; 39 S. C. 1; 88 S. C. 525; 17 S. C. 334; 28 Ency. 10. *Contract that open account bear interest is valid:* 37 S. C. 579. *Measure of damages for failure to deliver personal property:* 21 Am. Dec. 422; Harp. 111; 34 S. C. 516.

*Mr. John R. Hart,* contra, cites: *As to the law of tender:* 88 S. C. 525.

July 25, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. The plaintiff recovered judgment for the possession, or the value, of certain personal property, which defendant had seized under mortgages given by plaintiff, who was tenant under defendant in 1907 and 1908. The mortgages were given to secure plaintiff's account with defendant for supplies. A dispute arose between them as to the correctness of the account. Plaintiff claimed that there were certain errors in the account, which defendant refused to correct, after his attention had been called to them. His position is: 1. That there was nothing due on the mortgages when the defendant seized his property; 2. That the lien of the mortgages had been discharged by his offering to pay defendant what was due, if anything, on a correct accounting.

As a new trial will be granted on other grounds, we will not discuss the ground that the verdict is wholly unsupported by evidence, as a discussion of the evidence might result in prejudice to one side or the other on the new trial.

The plaintiff testified that he told defendant, if he would give him a correct statement of his account, he was willing

to pay it, if he owed him anything; that he had some one to pay it for him, and that defendant said if he did not pay all that he claimed, he would not accept any. He also testified, on cross-examination, that he told defendant he had some one who would take up his papers— meaning the mortgages—if he would give him a correct account, and that he wanted defendant to transfer his papers to that person.

On the subject of tender and the discharge of the lien of the mortgages thereby, the Court instructed the jury as follows: "Where the mortgagor, that is, the one that makes the mortgage, goes to the mortgagee and says: 'I wish to pay my debt. I am prepared to pay it, and I wish to pay the debt now and settle my mortgage,' if the mortgagee refuses to receive the payment, why, the lien of the mortgage is discharged and he can no longer claim anything of the mortgagor on account of that mortgage. He can recover his debt; that don't discharge the debt; the debt remains due, until it is paid; but the lien of the mortgage is gone, when the mortgagor offers to pay it and the mortgagee refuses to receive it. Now, there is such a thing as a legal tender; where a man seeks to avail himself of that law which discharges the lien of the mortgage, where the creditor refuses to accept payment. There is an obligation upon the debtor to tender the right amount of the debt to make what is known as a legal tender, that is, to offer to pay the creditor the debt, and the whole of it, then and there, and if he does not make that legal tender, the creditor is not bound by that offer. It is not necessary that the debtor should take the money out of his pocket and have it out, but he must be in a position to pay; he must be able to comply, if the creditor signifies his willingness to receive the right money. But the creditor has no right to insist upon a legal tender, where he is in the wrong; if he is demanding more than he is entitled to; if he has rendered a statement of account which is wrong, and insists upon

payment of that amount, why, then he cannot say the lien of the mortgage is not discharged, because you didn't tender me the right amount. Because he had already taken a position which precludes him from saying so, by demanding more than was due. And if the debtor comes to him and says, 'I am ready, I am prepared to settle my debt, and I demand of you an account, showing the right amount that I am due you,' and the creditor refuses him, why that lien is gone. If the creditor refuses to acquaint the debtor with the true amount that he owes him, then the debtor who makes a *bona fide* offer to pay the true amount, and is prepared to do it, whether he is prepared to take the money out of his own pocket or has got somebody else who is willing to pay it for him, and the creditor refuses to give him a statement of the true amount and accept payment, the lien of the mortgage is gone. What the law strives at is justice; and where a debtor comes there with the money in his pocket, or with a friend who is willing to take up the debt for him, and offers to pay, and demands a statement of the amount due, and the creditor refuses to give the statement and to accept the payment, the lien of the mortgage is gone. But, unless the debtor does do that, unless he makes a *bona fide* offer to pay the debt, and is able to do it at the time, then he cannot be said to have made an offer to pay it which was refused by the creditor, and in that case the lien of the mortgage would not be gone, and as long as there is one dollar due on that debt, the creditor is entitled to foreclose the mortgage to collect it. * * * If the plaintiff went to the defendant with an honest purpose and a present ability to pay the debt, and sought to do it, and the defendant prevented him from doing it by refusing to give him a correct statement of the amount, or by refusing to accept the correct amount, then the lien of the mortgage is gone, and the plaintiff is entitled to recover."

It is clear from the evidence of plaintiff himself that no legal tender was made to the defendant. *Eastland* v.

*Longshorn,* 1 N. & McC. 194; *Wister* v. *Price,* 2 Bail. 274; *Reynolds* v. *Price,* 88 S. C. 525, 38 Cyc. 141-143.

It may be that defendant waived a legal tender of the amount due him, if any, by rendering an incorrect account, and by insisting on payment of the account as rendered. coupled with the statement that, unless it was paid, he would accept nothing. But whether he did so waive a tender or not depends upon the circumstances and his purposes. If he honestly believed the account he rendered was correct, and insisted on payment of it in that belief, and if that belief, though erroneous, was based upon reasonable grounds, the refusal of even a legal tender of the amount actually due would not have discharged the lien of his mortgages. *Reynolds* v. *Price.* But his good faith or his alleged wrongful purposes, and the reasonableness of his contentions were questions which were not submitted to the jury; nor was the question of waiver. It appears, therefore, that the charge was at variance with the principles decided in *Reynolds* v. *Price.*

But, as it appears from the undisputed evidence that no legal tender was made, and that plaintiff never was, at any time, ready to pay what was due to defendant, if anything, but that he was depending upon another person to pay for him, on transfer of his papers by defendant to that person, and as he had no right to demand such transfer, it follows that he can gain no advantage from the law of tender. Therefore, his right to recover depends solely upon whether he owed the defendant anything when the property was seized.

Defendant charged plaintiff in the account $20 as the difference in the value of the rent cotton between the day he agreed to deliver it and the day he did deliver it. Plaintiff disputed this item on two grounds: He contends, first, that the cotton was delivered in due time, which is a question of fact for the jury; and, second, that even if it was not delivered at the time agreed on, defend-

ant had no right to charge him more than interest on the value of the cotton on the day it should have been delivered, from that day until it was delivered. The Court sustained his second contention in the following instruction: "If the plaintiff owed him cotton at a certain time, and didn't pay it until a subsequent time, all that the defendant could recover on that account was the interest on the debt for the intervening time, and he had no right to charge him the difference between the price of cotton at the time he ought to have paid the rent and at the time when he did pay it." This instruction was erroneous. The general rule is that the measure of damages for the breach of a contract to deliver specific personal property is the value of the property at the time it should have been delivered, with interest thereon from that time until it is delivered, or until the value at the date it was due is paid. *Davis* v. *Richardson,* 1 Bay. 102; *Justrobe* v. *Price,* Harp. 112, 13 Cyc. 168. If the cotton was worth $100 on the day it should have been delivered and only $80 on the day it was delivered, the defendant lost $20, besides the use of $100 between those dates. Therefore, the measure of his damages is the difference in the value of the cotton, with interest on its value at the date it should have been delivered, and from that date until it was delivered.

At the end of the year 1907, the plaintiff failed to pay his account with defendant for that year. There is now a dispute as to what the correct balance was; but, on April 13, 1908, he gave defendant his note for $225, wherein he stated that it was "for advances made during the present year, and back indebtedness, with interest on the latter from January 1, 1908, at the rate of eight per cent. per annum, until paid." A similar provision appears in another note given to defendant in 1907. His Honor instructed the jury that an open account does not bear interest, until it becomes an account stated, or unless it is received by the debtor and it is not disputed. In this

instruction, his Honor erred.    While, as a general rule, the law does not allow interest on an open account, it is perfectly competent for the debtor to agree to pay interest on it, and if he does so agree, he is bound to pay interest on the amount that is actually due, when it is ascertained, even though he disputes certain items in the account.    There is no law prohibiting such a contract.    In this case, the plaintiff agreed to pay interest on his back indebtedness; and when that is ascertained, interest must be added, according to his agreement.

Judgment reversed.