## 11881

### SUMTER HARDWOOD CO. v. FITCHETTE *ET AL.*

#### (130 S. E., 881)

1. Appeal and Error—Order Depriving Party of Mode of Trial Which Law Allows Him is Appealable.—If an order deprives a party of mode of trial which the law allows him, it is appealable.

2. Appeal and Error—Motion to Dismiss Appeal From Order Referring Case Determinable by Whether Circuit Court Was Authorized to Pass Compulsory Order of Reference.—Motion to dismiss appeal from order referring case to master is determinable by decision of Supreme Court upon question whether case is one in which the Circuit Judge, in the exercise of his discretion, was authorized to pass a compulsory order of reference.

3. Reference—Circuit Judge May Order Compulsory Reference Only Where Trial of Issue of Fact Requires Examination of Long Account.—Under Code Civ. Proc. 1922, § 593, if cause of action be equitable in its nature, it is within discretion of Circuit Judge to order a compulsory reference only where the trial of the issue of fact shall require examination of long account.

4. Reference—Parties Entitled to Trial by Jury in Ordinary Action at Law, Even Though Examination of Long Account is Involved.—In ordinary action at law, presenting no features of equitable cognizance, parties are entitled to trial by jury, and compulsory reference cannot be ordered, even though examination of long account may be involved.

5. Reference—Circuit Judge May, in His Discretion, Order Compulsory Reference in Action at Law, Where Accounting is Long and Complicated.—In an action at law, which presents a feature of equitable cognizance, as where account is long and so

complicated that it would be impractical for an ordinary jury to comprehend and decide issues correctly, Circuit Judge may, in his discretion, order a compulsory reference.

6. REFERENCE—ACTION HELD NOT TO PRESENT SUCH LONG ACCOUNT OR MATTER OF COMPLICATION THAT JURY COULD NOT INTELLIGENTLY DECIDE ISSUE.—Action to recover sums of money advanced to defendant at different times, less credits for materials and supplies received from defendant, in which counterclaim was interposed by defendant for larger amount than that credited for materials, *held* not to present long and complicated account warranting compulsory reference.

Before FEATHERSTONE, J., Sumter, April, 1924. Motion to dismiss the appeal denied, and order of reference reversed, and case remanded.

Action by Sumter Hardwood Company against George P. Fitchette and another. From an order referring the case to the Master, defendants appeal, and plaintiff moves to dismiss the appeal.

*Messrs. Epps & Levy,* for appellants, cite: *Order depriving party of proper mode of trial:* Code Civ. Proc., 1922, Sec. 26, Subsection (D)-1; 61 S. C., 1; 43 S. C., 187; 34 S. C., 169. *Length of account not ground for Chancery jurisdiction:* 106 S. C., 25; 43 S. C., 299; 17 S. C., 538.

*Messrs. Lee & Moise,* for respondent, cite: *Reference proper for equitable accounting:* Code Civ. Proc., 1922, Sec. 593; 114 S. C., 353; 112 S. C., 356; 27 S. C., 235. *Long account properly referred:* 65 S. C., 455; 34 S. C., 170. *Order of Reference discretionary:* 108 S. C., 206. *Order depriving party of proper mode of trial:* 99 S. C., 99; 87 S. C., 369.

December 14, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order signed by his Honor, Circuit Judge Featherstone, upon motion of the plaintiff,

referring the case to the Master, and directing him to take the testimony and report his conclusions of law and fact. The defendants opposed the motion, and have appealed from the order.

A motion was made in this Court by the plaintiff, to dismiss the appeal, upon the ground that the order was not appealable. Consideration of that motion was reserved by the Court until the appeal should be heard upon the merits.

It is settled by the decisions of this Court that, if an order deprives a party of the mode of trial which the law allows him, it is appealable. *Ferguson v. Harris,* 34 S. C., 169; 13 S. E., 332. *McLaurin v. Hodges,* 43 S. C., 187; 20 S. E., 991. *Alston v. Limehouse,* 61 S. C., 1; 39 S. E., 192. So that the motion to dismiss the appeal is determinable by the decision of this Court upon the question whether the case is one in which the Circuit Judge, in the exercise of his discretion, was authorized to pass a compulsory order of reference.

In two quite recent cases (*Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420, and *Bank v. Foster,* 132 S. C., 410; 129 S. E., 629), the Court had occasion to consider this subject, and the conclusion there reached was:

(1) If the cause of action be equitable in its nature, it is within the discretion of the Circuit Judge to order a compulsory reference, only "where the trial of an issue of fact shall require the examination of a long account." Code, § 593.

(2) In an ordinary action at law, presenting no features of equitable cognizance, the parties are entitled to a trial by jury, even though the examination of a long account may be involved.

To these we add the following proposition, deducible from the second:

(3) In an action at law, which does present a feature of equitable cogniance, as where the accounting is long and so complicated that it would be imprac-

ticable for an ordinary jury to comprehend and decide the issues correctly, the Circuit Judge may, in his discretion, order a compulsory reference; that is to say, that, in a law case, the evident fact that the cause involves an accounting of the character described supplies the essential feature of equitable ognizance justifying the order, upon the ground that the party applying for it has not an adequate remedy at law.

In the case at bar, the complaint contains two causes of action. In each of them there is set forth a contract between the parties by which the defendants agreed to cut and log the timber upon a certain body of land upon certain terms and conditions. The contracts were related to separate tracts. In neither cause of action does either party claim anything of the other by reason of a breach of any provision in the contract. In the first cause of action the plaintiff alleges that outside of the contract (as there is nothing in the contract which obligates the plaintiff to do so) the plaintiff "did, at the special instance and request of the said defendants, advance and pay to said defendants considerable sums of money in order to enable the said defendants to carry out the logging operations specified in said contract." It is alleged that at the termination of the contract the defendants owed the plaintiff for money and supplies advanced by said plaintiff to said defendants at their request as aforesaid "the sum of $3,731.73, and that by reason of the acceptance of certain material and supplies belonging to the defendants, at an agreed valuation, and certain adjustments and allowances" in connection with said indebtedness (for advances in money and supplies), it has credited the defendants with $1,633.04, leaving a balance due by defendants of $2,098.34. The defendants allege as to this that they did not owe the plaintiff $3,731.73 on account of said advances, but that they did owe $3,731.73 less $733 ($2,998.78), and that, instead of the credit of $1,-633.04 for material and supplies, the plaintiff owed them

$4,368.31, leaving a balance to their credit of $1,369.53. (There is a discrepancy of $9.26 between the defense and the counterclaim.) The defendants set up a counterclaim on this account of $1,360.27.

The plaintiff's complaint contains no allegation, and none appears, that the account between the parties comes within the rule above stated under proposition 3. As to the claim of the plaintiff against the defendant, the only point of controversy is a charge of $733.00 for repairs on cars which the defendants deny that they owe; the other part of the account is admitted. We see neither a long nor a complicated account in this item. The claim of the defendants against the plaintiff, $4,368.31, is conceded by the plaintiff to the extent of $1,633.04; the remainder, $2,735.27, is denied by the plaintiff. The entire item consists of material and supplies taken over by the plaintiff upon the termination of the contract, which the plaintiff claims was at an agreed valuation. We see no reason why a jury could not intelligently decide in the first place whether there was such agreed valuation, and, if not, the value of the several items composing the charge, neither a long account nor a matter of complication.

The second cause of action is based upon precisely the same character of dispute and is controlled by the foregoing observations. In it the plaintiff claims that the defendants owed it for advances in money and supplies $2,570.02, which is conceded by the defendants. The defendants contend that the plaintiff owes them $3,927.72, for material and supplies taken over by the plaintiff upon the termination of the contract. Of this, $1,684.43 is conceded by the plaintiff, which claims that that was the agreed valuation of the items. This the defendants deny. We see no reason why a jury could not decide this issue as suggested in reference to a similar dispute in the first cause of action above.

In the case of *Smith & Co. v. Bryce,* 17 S. C., 538, the plaintiffs were cotton factors in the City of Boston, and

brought an action on account of money advanced from
time to time, during more than a year, to the defendant.
With this money the defendant was to purchase cotton and
ship the same to the plaintiffs, and it was claimed that there
was a balance due the plaintiffs. The plaintiffs moved for
an order of reference, which was granted against the con-
sent of the defendant, who claimed the right of a jury trial.
The Judge stated in his order that it appeared that a settle-
ment of a long account was involved. The defendant ap-
pealed, and the Supreme Court reversed the Court below
and said:

"We are unable to discover in this case anything which
imparts to it any feature of equitable cognizance. There is
no allegation of any complexity in the account requiring the
aid of the machinery of a Court of Equity for its proper
adjustment, no allegation of any difficulty in making the
necessary proof before the jury, or of any obstacle in the
way of a proceeding at law, no demand for a discovery,
nothing to indicate that the plaintiffs have not a plain, ade-
quate, and complete remedy at law."

In the case of *Wilson v. York,* 43 S. C., 299; 21 S. E.,
82, a firm of attorneys had sued for townships of York
County for fees. On the trial before his Honor, Judge
Watts, and a jury, the jury failed to agree. Thereupon, on
motion of plaintiffs' attorneys, the Court referred the case
to a Referee to take the testimony and report on all issues,
stating that the Court had heard the case tried, and in his
opinion it was one which should be referred, as the testi-
mony was voluminous and required the attendance of many
witnesses and the examination of the record of the United
States Court. The Supreme Court reversed this order, and
declared that the action was only one to recover a money
demand which was unliquidated, and the parties were clearly
entitled to a jury trial. The Court went on to say that this
right could not be denied on account of the fact that the

plaintiffs also asked that certain assets in the hands of the defendants be subjected to the payment of their claims.

In the case of *McCabe v. Colleton Mercantile & Mfg. Co.,* 106 S. C., 25; 90 S. E., 161, it appeared that the plaintiffs were engaged in buying and selling cotton at Charleston, and the defendant was engaged in buying and selling cotton at Ritters.   That there was a contract between the parties whereby the defendant shipped to the plaintiffs from time to time 1,443 bales of cotton to be stored, and upon which the plaintiffs were to, and did, lend to the defendant certain sums of money.   In case the price of cotton went down till the security was not sufficient, the plaintiffs could call on the defendant, who should put up more security or the cotton would be sold.   This contingency happened, and the plaintiff sold the defendant's cotton, and brought suit for an accounting and for judgment against the defendant for $4,006.10.   The pleadings were very long.   The plaintiffs asked for an order of reference, which was refused, and they appealed.   This Court affirmed the action of the Court below, and declared that the plaintiffs were not entitled to have the case tried in a Court of Equity simply because the account was long, nor even because the plaintiffs were agents of the defendant.   The Court declared that the charge of fraud set up by the defendant in his answer would not deprive the Court of law of jurisdiction, because fraud is cognizable at law as well as in equity. Consult *Bouland v. Carpin,* 27 S. C., 235; 3 S. E., 219. *Rainwater v. Bank,* 114 S. C., 353; 103 S. E., 587. *Mercantile Co. v. Britt,* 102 S. C., 499; 87 S. E., 143. *Smith v. Ins. Co.,* 112 S. C., 356; 99 S. E., 830. *Rainwater v. Bank,* 108 S. C., 206; 93 S. E., 770. *Mayfield v. Bessinger,* 87 S. C., 369; 69 S. E., 673; and *Mobley v. McLucas,* 99 S. C., 99; 82 S. E., 986:

The judgment of this Court is that the motion of the plaintiff to dismiss the appeal of the defendant be refused, that the order of reference be reversed, and that the case be

remanded to the Circuit Court without prejudice to a motion by the plaintiff to amend its complaint if so advised.

MR. CHIEF JUSTICE GARY, MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.