## 12266

### GEORGIAN COMPANY v. BRITTON *ET AL.*

#### (139 S. E., 217)

1. GUARANTY—TERMS NOT IMPORTING CONDITION PRECEDENT TO LIA-
BILITY, GUARANTY IS ABSOLUTE.—Where terms of a guaranty do not
import some condition precedent to liability of guarantor, guaranty
is absolute, or guaranty of payment, rather than of collection.

2. GUARANTY—ABSOLUTE GUARANTORS AND PRINCIPAL DEBTOR MAY BE
SUED TOGETHER (CODE CIV. PROC. 1922, § 363).—Under Code Civ.
Proc. 1922, § 363, providing that persons severally liable on the
same obligation or instrument may be joined in one action, abso-
lute guarantor and principal debtor, either of whom may be sued
first, may be sued together.

3. REFERENCE—COMPULSORY REFERENCE IS NOT PERMISSIBLE IN CASE
OF MONEY DEMAND ONLY, THOUGH ON LONG ACCOUNT, DIFFERING
FROM EQUITABLE SUIT FOR ACCOUNTING.—Compulsory reference may
not be had where there is only a money demand, that is, in a
strictly law case, though it involves a long account; it being a suit
for an accounting, not one on an account, that is, strictly an
equitable case.

4. COURTS—ORDER UNAPPEALED FROM IS LAW OF CASE AND CANNOT BE
DISTURBED BY SUCCEEDING JUDGE, UNLESS RIGHT BE RESERVED OR BE
GIVEN BY RULE OR STATUTE.—Order refusing to dismiss counter-
claim unappealed from is the law of the case, and cannot be set
aside or modified by succeeding Judge; right to do so not being
reserved or allowed by rule or statute.

5. INTEREST—IT HAVING BEEN CONTRACTED FOR, CREDITOR RECOVERING
ON OPEN ACCOUNT IS ENTITLED TO INTEREST.—The debtor having
agreed to pay interest on an open account, the creditor is entitled
to interest on any amount it may recover from the due date thereof.

Before BONHAM, J., Charleston, April, 1926. Reversed.

Action by the Georgian Company against W. S. Britton
and others. From an order denying plaintiff's motion to
dismiss certain counterclaims, it appeals, and from the judg-
ment under a decree for plaintiff on its claim, defendant
John P. Grace appeals. Reversed and remanded for a new
trial before a jury.

*Messrs. Middleton & Middleton,* for Georgian Company,
appellant, cite: *"Counterclaim":* Sec. 405, Code Proc.; 31

Cyc., 227; 37 S. C., 7; 32 S. C., 243; 70 S. C., 89; 80 S. C., 455; 110 S. C., 837; 1 C. J., 937; 31 Cyc.; 71; 50 S. C., 54. *No breach of contract alleged here:* 39 So., 91; 142 N. Y. S., 767; 64 N. Y. S., 238; 68 S. W., 362; 83 Fed., 104; 70 S. C., 89. *Liability of third person who induces party to contract to breach same:* Addison, Torts, 36; Pollock, Torts, 455; 107 Mass., 555; 76 N. C., 353; 23 Fla., 206; 89 N. E., 28; 15 S. W., 57; 11 L. R. A., 545. *"Slander":* 36 C. J., 1146. *"Demurrer":* 59 S. E., 600. *Counterclaim insuffiient where it fails to state facts sufficient to constitute a cause of action:* 10 S. E., 266; 121 S. E., 547; 78 S. C., 157; 13 C. J., 732; 57 S. E., 916. *Every element of a cause of action must be pleaded:* 70 S. C., 89; 1 Bail., 138; 1 Allen, 519; 3 Sandf., 695; 69 N. E., 138; 63 L. R. A., 948; 91 Fed., 64; *"Res adjudicata":* 87 S. C., 127; 54 S. C., 88; 9 S. C., 281; 194 Fed., 569; 168 Fed., 246; 75 S. E., 1117; 57 S. E., 939. *Joint promise:* 13 C. J., 580; 17 S. E., 399; 32 Cyc., 125; 43 S. E., 413; 26 S. E., 366. *Demurrer properly overruled here:* 27 S. C., 318; 25 S. C., 235; 28 S. E., 31; 95 S. E., 1025. *Order of reference within discretion of Circuit Judge where long account involved:* Sec. 593, Code Proc; 130 S. C., 131; 49 S. C., 423; 27 S. C., 235; 65 S. C., 455; 79 S. C., 47; 87 S. C., 369; 84 S. C., 98; 34 S. C., 169; 105 S. C., 280; 53 S. C., 129; 66 S. C., 455; 93 S. C., 381; 34 S. C., 169; 21 S. C., 371; 78 S. C., 169; 83 S. C., 491; 129 S. E., 629; 75 S. C., 105; 130 S. E., 881; 85 S. C., 299; 65 S. C., 455; 27 S. C., 235; 113 S. E., 493; 130 S. C., 131. *Order of reference not reviewed except in case of abuse of discretion:* 103 S. C., 238; 95 S. C., 302. *Waiver of right to appeal from order of Circuit Judge:* 88 S. C., 456; 101 S. C., 358; 87 S. E., 326; 69 S. E., 261. *In alleging a change in contract burden is upon surety to establish change:* 116 S. E., 222; 69 S. E., 168; 22 S. C., 279; 17 S. C., 1; 51 S. C., 121; 32 S. C., 238. *Finding of fact by master and confirmed by Circuit Judge not disturbed:* 133 S. E., 222; 131 S. E., 18;

103 S. E., 177; 94 S. C., 138; 93 S. C., 357; 94 S. C., 40; 90 S. C., 278; 37 S. C., 605; 52 S. C., 345; 115 S. C., 385; 21 S. C., 245. *Points not relied upon in lower Court not heard on apeal:* 90 S. C., 513; 54 S. C., 203; 60 S. C., 153; 14 S. C., 21; 126 S. C., 1; 123 S. C., 399; 86 S. C., 8; 114 S. C., 367. *Allowance of interest:* 92 S. C., 114; 3 Brev., 209; *Id.,* 506.

*Messrs. Hamer & Crosland,* for respondents, cite: *Order not appealable:* 77 S. C., 447; 101 S. C., 151; 1 Bail., 10; 2 Bail., 6; 24 S. C., 355; 20 R. C. L., 513; 97 S. C., 458. *"Final judgment":* 45 S. C., 14.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for John P. Grace, cite: *Guaranty contract:* 12 R. C. L., 1057, 1091, 1094, 1095; 21 R. C. L., 951; 10 Rich., 543; 46 S. E., 979; 133 S. E., 222; 1 R. C. L., 364. *Circuit Judge has no jurisdiction to review an order made by himself at a preceding term of Court in another circuit:* 51 S. C., 1; 97 S. C., 458. *Error to order reference in case at bar:* 133 S. E., 222; 130 S. C., 131; 134 S. E., 369; 131 S. E., 768. *Rights of personal guarantor protected more zealously by Courts than rights of bonding company:* 17 S. C., 4; 22 S. C., 280; 104 S. C., 171; 22 S. C., 588. *Alteration of contract need not be prejudicial to guarantor in order to vitiate his liability:* 10 S. E., 947; 69 S. C., 304; 51 S. C., 124; 76 S. C., 567; 104 S. C., 196.

September 6, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This cause rises out of a contract of agency entered into between the Georgian Company, of Georgia, as principal, and Britton and Feaster, as agents, and Grace and Rabon, as their sureties. The contract contemplated the sale of certain newspapers in the City of Charleston and the surround-

ing territory by Britton and Feaster, as agents for the Georgian Company.

The complaint of the Georgian Company, plaintiff in the action, alleges a breach of the contract, in that the defendants Britton and Feaster failed to pay for certain papers delivered to · them.

The answer of the defendants Britton and Feaster contains a general denial and three counterclaims that will hereinafter be mentioned.

The sureties Grace and Rabon are joined as defendants in the action. The defendant Grace filed a demurrer on the ground that there was a misjoinder of parties and causes of action. This demurrer was overruled by Judge Townsend, who presided over the October term of Court of Common Pleas of Charleston County, 1921, and after excepting thereto the defendant Grace put in a general denial.

·Subsequently, at the January, 1922, term of Court of Common Pleas of Charleston County, the plaintiff made a motion before Judge McIver, then presiding Judge of the Court, to transfer the case from Calendar No. 1 to Calendar No. 2, which motion was refused.

At the April, 1922, term of Court, after proper notice, plaintiff made a motion before Judge McIver to strike out counterclaims 2 and 3 contained in the answer of Britton and Feaster, which motion was also refused.

At the same term, Judge McIver presiding, the motion was again made that the case be transferred to Calendar No. 2, and upon reconsidering his previous order, Judge McIver revoked the same and ordered, over the objection of the defendants, a reference as to the issues raised by the complaint and the denial by all the respective defendants, and the first counterclaim contained in the answer of Britton and Feaster, and further ordered that the cause remain on Calendar No. 1, for a trial of the issues raised by the second and third counterclaims.

Without going further into the facts and proceedings

had, it is sufficient for the purposes of this appeal, in consideration of the view we take of the case, to say that the master found in favor of the plaintiff, which finding was confirmed by Judge Bonham, presiding Judge, by his decree dated April 7, 1926, which decree allowed interest on the amount recovered from the date the contract was terminated, February 26, 1921. To this decree, the defendants have filed a number of exceptions to this Court.

The plaintiff then made a motion before Judge Bonham to dismiss counterclaims 2 and 3, which were, as stated above, reserved on Calendar 1 for trial. This motion was denied, and the plaintiff appealed from that order. The plaintiff and defendants filed separate appeals, but both are considered together.

We will first dispose of the question raised by the demurrer. It is the contention of the defendant Grace, by his demurrer, that there is no joint contractual liability, as he is a guarantor of the contract, and is not liable to suit until the liability of the principal has been established by judgment. The defendants Grace and Rabon are described throughout the contract as sureties. There is nothing to indicate that they did not intend to be so bound, and we might well hold them to be sureties, without doing violence to a construction of the contract they signed. But let us, for their benefit, denominate them as guarantors, at the time, in order that justice may be obtained in our decision, keeping in mind that there are two kinds of guaranties, to wit, absolute guaranty, or guaranty of payment, and guaranty of collection. In 28 Corpus Juris, at page 395, it is said:

"A guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor."

The guaranty of Grace and Britton, as mentioned above,

imports no such condition.   In case of *Mudge v. Varner,*
146 N. C., 147; 59 S. E., 540, the syllabus is as follows:

"The liability of one who guarantees that a corporate debt
will be paid on a designated date is that of a guarantor of
payment, and not of collection, and, on the corporation fail-
ing to pay, his obligation to pay is absolute."

The guaranty of the defendants herein being ab-
solute, it is well settled by the authorities of this
State (*Providence Machine Co. v. Browning,* 68 S.
C., 1; 46 S. E., 550; *Carroll County Savings Bank v.
Strother,* 28 S. C., 504; 68 S. E., 313, and cases there cited)
that they are liable to suit without first suing the principal
debtor.   The law of this state being that one may be sued
on an absolute guaranty before, and without suing the
principal debtor, what objection can be raised to or what
harm can be done by, suing them together?   Moreover,
Section 363 of the Code of Civil Procedure provides that
persons severally liable upon the same obligation or instru-
ment may be joined in one action.   We have shown above
that the defendant's liability as absolute guarantors had ac-
crued.   No effort had to be made to collect the debt from
the principal before he could have been sued.   The plaintiff,
at its option, could have sued either, and this being so, and
their liability being upon the same instrument, the above
section authorized their joinder.   In fact, there is no practi-
cal distinction in result between the liability of an absolute
guarantor and that of a surety.   *Rouse v. Wooten,* 140 N.
C., 557; 53 S. E., 430; 111 Am. St. Rep., 875; 6 Ann. Cas.,
280.

The present policy of our Courts is, and should be, against
a multiplicity of actions.   The appeal of the defendant Grace
as to the demurrer is dismissed.

Exceptions 2 and 3 of the defendants question the
correctness of Judge McIver's order granting a refer-
ence in the cause, over their objection.   We are of

the opinion that the Judge was in error, and that the defendants were entitled to a jury trial, this being strictly a law case, in that it was only a money demand. We purposely refrain from a lengthly discussion of this question, lest we confuse that which is now clear. The latest utterance of this Court on the subject is found in the case of *People's Bank v. Helms,* 140 S. C., 103; 138 S. E., 622, in which it is said:

"It is settled by a number of decisions of this Court (*Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420; *Bank v. Foster,* 132 S. C., 410; 129 S. E., 629; *Etheredge v. Porter,* 134 S. C., 71; 131 S. E., 768; *Keese v. Parnell,* 134 S. C., 207; 132 S. E., 620; *Moody v. Lumber Co.,* 136 S. C., 327; 134 S. E., 369; *Sumter Hardwood Co. v. Fitchette,* 133 S. C., 149; 130 S. E., 881, and others) that a compulsory order of reference to try the issues of both law and fact may be made only in cases within the equitable cognizance of the Court, and then only under the circumstances detailed in Section 593 of the Code, 'where the trial of an issue of fact shall require the examination of a long account.' "

Now, this case is not within the equitable cognizance of the Court. It is true it is a suit on a long account, but, as stated in the case of *Newell Contracting Co. v. Blankenship* (130 S. C., 131; 125 S. E., 420), *supra*:

"It is a mistake to suppose that, because an action at law involves the examination of a long account, the case presents the occasion for the interposition of the Court of equity."

We must keep clearly in mind the distinction between a suit on *an account* and one *for accounting,* for while the latter is strictly an equitable cause, it is not true of the former.

The defendants are entitled to a trial by a jury, and their exceptions raising that question are sustained.

Considering the exceptions of the plaintiff to the order of Judge Bonham, in refusing to dismiss counterclaims 2 and 3 of the defendants, we are of the opinion that the motion was properly refused. It appears from the record, as pointed out in the statement of facts above, that a like motion had been previously made and refused by Judge McIver, who presided over the April, 1922, term of Court, and, subsequently, at the same term, in his order referring the case to the master, he further ordered that counterclaims 2 and 3 be reserved for trial on Calendar No. 1. No appeal from either of these orders was taken by the plaintiff, and they thereby became the law of the case. As is stated in the conclusion of the case of *Nixon Grocery Co. v. Spann,* 108 S. C., 329; 94 S. E., 531:

"It is well settled that one Circuit Judge cannot set aside or modify the orders of another, except in cases when the right to do so has been reserved to the succeeding Judge, or when it is allowed by rule of Court or statute."

The opinion of the present Chief Justice in the case of *Middleton v. Ice & Fuel Co.,* 97 S. C., 457; 81 S. E., 157, is equally as clear to that effect. From the early case of *Durant v. Staggers,* 2 Nott & McC. (11 S. C. L.), 488, we quote the syllabus, which is as follows:

"A succeeding Judge will not rescind an order made by a preceding Judge; but where a party thinks himself aggrieved by such order, the proper manner to procure redress is by appeal." ·

Uniformity and harmony in our Courts necessarily demand that such be the law, and this is expressly covered by Rule 61 of the Circuit Court: There was no material change in the state of facts, which was not contemplated at the time Judge McIver passed his order, and we think Judge Bonham's refusal to dismiss the two counterclaims was proper.

We pass upon the question of interest, raised by the fourth and eighth exceptions of the defendant Grace, for the benefit of the parties and the lower Court hereafter. While we feel that Judge Bonham erred in holding that the account was an *account stated* (giving the words their technical meaning), we are, however, of the opinion that, under the contract, the defendants having agreed to pay interest, the plaintiff is entitled to interest on any amount it may recover from the due date thereof. It is true that in the absence of a contract or agreement, usually, interest is not allowed on an open account, but there is no rule of law prohibiting parties from agreeing to pay interest. We deem this settled by the case of *Lee v. Hill,* 92 S. C., 114; 75 S. E., 273, where it is said:

"While, as a general rule, the law does not allow interest on an open account, it is perfectly competent for the debtor to agree to pay interest on it, and if he does so agree, he is bound to pay interest on the amount that is actually due, when it is ascertained, even though he disputes certain items in the account. There is no law prohibiting such a contract In this case, the plaintiff agreed to pay interest on his back indebtedness, and when that is ascertained, interest must be added, according to his agreement."

Since the case must go back for trial by jury, we think it improper for this Court to pass upon other exceptions, for they raise questions of fact, which are for the determination of a jury.

The judgment of this Court is that the case be remanded for a new trial before a jury, according to the views expressed herein.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.