15727

JEFFERIES v. HARVEY ET AL.

(33 S. E. (2d), 513)

*Mr. J. W. Hall* and *Mr. C. E. Saint-Amand,* both of Gaffney, S. C., Counsel for Appellants,

*Messrs. Dobson & Dobson,* of Gaffney, S. C., and *Messrs. Barron & Barron,* of Union, S. C., Counsel for Respondent,

March 30, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

This appeal is from an order passed by the lower court ordering a compulsory reference to a special referee to hear and determine all issues of law and fact.

The action was brought on twenty-seven promissory notes, alleged to have been executed and delivered to the plaintiff by the defendant, Poole Harvey, and endorsed prior to delivery by the defendant, B. W. Humphries. All the notes are in the same form and bear interest at the same rate, but vary as to dates of execution, amounts, and maturity dates.

They cover a period of two years, the first note being dated September 2, 1936, and the last note bearing date August 29, 1938. The twenty-seven notes, without interest added, aggregate the sum of $3,665.00.

The defendants in their separate answers denied the complaint, and in addition pleaded several defenses, presenting the issues of payment, breach of trust, fraud, deceit and usury.

It appears that the defendant, Poole Harvey, was county auditor of Cherokee County. He alleges that he borrowed various sums of money from the plaintiff, over a period of years, executed notes therefor, and in order to secure them assigned and delivered numerous salary vouchers, state and county, to the plaintiff; that these salary vouchers were given to the plaintiff upon his agreement to collect them and apply the proceeds to the payment of the notes. The allegation is made that the plaintiff was entrusted with the collection of the salary vouchers, but that he breached his trust by failing to give the defendant, Harvey, any credit therefor, or to furnish him with any statement of the moneys collected. It is further alleged that the plaintiff has collected from his salary vouchers more than enough to pay the amounts due on the various notes, but that in violation of his trust he has refused and neglected to apply these collections as credits on the notes secured by the vouchers, or make any accounting therefor.

Upon joinder of issue, the plaintiff moved the court upon the pleadings and proceedings and upon affidavits, for an order of reference, which after a full hearing was granted. The order was rested upon the ground that the pleadings and other papers exhibited to the court showed that a trial of the issues would involve "an accounting so long and intricate as that it would be impracticable to try the case before a jury; that the said accounting would be so complicated and intricate that an ordinary jury could not comprehend and decide the issues correctly, and supplies the essen-

tial feature of equitable cognizance justifying me, in my discretion, to order a compulsory reference."

In addition to the pleadings and affidavits of the plaintiff and his attorney, submitted to the lower court, there was also presented two notices served by defendants' attorneys to produce twenty-seven checks of various dates, delivered by the plaintiff to the defendant, Harvey, and drawn on the Merchants and Planters National Bank of Gaffney, together with all letters received by the plaintiff from the Comptroller General of South Carolina dated December 15, 1934, or any date subsequent thereto. In another notice the plaintiff was directed to produce further correspondence with the Comptroller General, and all agreements entered into by and between the plaintiff, the defendant Harvey and the Merchants and Planters National Bank, dated December 15, 1934 and thereafter; or by and between the plaintiff and Merchants and Planters National Bank, dated December 15, 1934, or thereafter, regarding the collection of salary vouchers of the defendant Harvey, as County Auditor for Cherokee County, or regarding the payment thereof by the State Treasurer.

In addition to the foregoing, the plaintiff was noticed to produce all deposit tickets or bank statements, letters or correspondence between the designated bank and the plaintiff concerning the collection of salary vouchers of the defendant Harvey, by the plaintiff, and the credit or payment thereof to the plaintiff, whether the same be by voucher, check or otherwise, dated December 15, 1934, or subsequent thereto.

In passing upon the motion, the Circuit Court not only had these notices before it demanding the production by the plaintiff of the numerous records, papers, and documents referred to, but there was also submitted by the plaintiff for the consideration of the court the cancelled checks, vouchers and notes referred to in plaintiff's affidavits. And it is ad-

mitted that these papers alone make a large and voluminous record. It is manifest that the course of dealing between the parties involved scores of transactions, extending back to the year 1934, and even prior thereto, all of which possess some relevant relationship to the alleged current indebtedness.

The law of the case is governed by Section 653, Code of 1942, which embraces the Act of 1928, 35 St. at Large, page 1149. Under this section, the power of the Circuit Court to grant compulsory orders of reference has been greatly extended. *Sellers v. Polson,* 151 S. C., 429, 149 S. E., 161.

Prior to the passage of the 1928 Act (35 St. at Large, p. 1149), it had been consistently held by this court that under Section 593, Code of Civil Procedure, 1922, a compulsory order of reference to try the issues of both law and fact may be made only in cases within the equitable cognizance of the court, and then only under the circumstances detailed in Section 593 of the Code, where the trial of an issue of fact shall require the examination of a long account. *Peeples v. Hornik,* 153 S. C., 321, 150 S. E., 802; *Georgian Co. v. Britton,* 141 S. C., 136, 139 S. E., 217; *People's Bank v. Helms,* 140 S. C., 107, 138 S. E., 622.

By that Act the 1922 Code section was amended by providing, in part:

"Where the parties do not consent, the court may, upon application of either, or its own motion, direct a reference in the following cases:

"(1). In all equitable actions and of equitable issues in actions at law. The order may be general of all issues of both law and fact, or may be so limited as the court may direct: Provided, that this section shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right under the present practice."

As we stated in *Peeples v. Hornik,* 153 S. C., 321, 150 'S. E., 802: "The effect of the amendment is to confer the power of compulsory reference in all equitable actions, regardless of whether an issue of fact therein may require the examination of a long account or not, and of equitable issues in actions at law."

It is elementary that equity has jurisdiction of actions in which long and complicated accounts are involved, on the ground that the remedy at law in such cases is not adequate. Some of the reasons are, that the circumstances ordinarily incident to jury trials make it impracticable for the jury to properly examine such accounts and make the computations and adjustments necessary to ascertain the truth and do justice between the parties. The rule, therefore, is that to deprive a party of the right of jury trial, the account involved must not only be long, but so complicated that it would not be practicable for an ordinary jury to comprehend and adjust the issues correctly. *McCabe & Co. v. Colleton Mercantile & Mfg. Co.,* 106 S. C., 25, 90 S: E., 161; *Sumter Hardwood Co. v. Fitchette,* 133 S. C., 149, 130 S. E., 881; *Smith v. Union Cent. Life Ins. Co.,* 112 S. C., 356, 99 S. E., 830. The test seems to be whether the account is so long that the jury cannot keep the items and calculations clearly in their minds and give each item its proper weight and application. *Moody v. Dudley Lumber Co.,* 136 S. C., 327, 134 S. E., 369.

We are of the opinion that the motion for a compulsory, reference was fully supported by the essential elements for the exercise of the court's discretion, in that the pleadings and the accompanying affidavits and papers submitted to the court, show the necessity for the examination of an account so long and intricate that a trial by jury would be impracticable.

In addition to this, the order was properly granted because the defendants by their answers raised equitable issues in an action at law, and these issues include, among others, breach of trust, which involves a fiduciary relationship. And while the defendants did not specifically pray for an accounting. this was implicit in the allegations of their answers.

The rights of the parties can be determined only by an accounting of numerous transactions involving long, tedious and complicated calculations which no ordinary jury could be expected to adequately comprehend.

This case is analogous to the cases of *Farmers' & Merchants' National Bank v. Foster,* 132 S. C., 410, 129 S. E., 629, and *Smith v. Union Central Life Ins. Co.,* 112 S. C., 356, 99 S. E., 830, and is governed by the principles therein announced, which are in harmony with our holding herein. In both of these cases the court held that the issues involved a fiduciary relationship and necessitated the examination of a long and complicated accounting which authorized the granting of a compulsory order of reference.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.