15998

BEATY v. MASSEY-HITE GROCERY CO.

(44 S. E. (2d) 535)

*Messrs. McEachin & Townsend,* of Florence, for Appellant,

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, for Respondent,

October 16, 1947.

STUKES, J.: Respondent brought this action against appellant upon a complaint in which he alleged that he was employed by appellant continuously from July 22, 1942, until June 12, 1946, and from the former date to September 7, 1945, received a weekly wage ranging from $25.00 to approximately $46.00 and worked from about forty-five hours to fifty-six hours per week; that under the Federal Fair Labor Standards Act, 29 U. S. C. A. § 201 *et seq.,*

a work week is forty hours and appellant was required by law to pay time and a half for the hours employed in excess of forty hours; but such was not done, through the failure and neglect of appellant, whereby the latter is indebted to respondent in the approximate sum of $756.86, and an additional equal sum for liquidated damages and penalty, together with a reasonable fee for respondent's attorneys for their services; further that the books and records of appellant will show the number of hours which respondent worked, his hourly base pay and the amount of overtime, and that such books and records should be produced for inspection by the court and by respondent and his attorneys, so that the amount of the indebtedness may be accurately ascertained. Prayer was for such production of the books and records, ascertainment of the amount due respondent and judgment therefor, including the penalty or liquidated damages and a reasonable fee for plaintiff's attorneys.

The answer admits the corporate existence of appellant and that respondent was employed by it for the approximate period of time stated in the complaint, and denies the other allegations. The answer contains a further defense to the effect that appellant had paid respondent in full for his services under the contract of employment and in addition he was paid a yearly bonus of ten per cent., a week's wages in advance upon the termination of the relation; and on occasions respondent was also given time-off without deduction from his wages.

Respondent, plaintiff below, moved for an order adjudging that the action is in equity and as such is referable; application was further made to the court to set a date for trial without a jury. At the hearing of the motions affidavits were submitted by the parties, respectively, the one contending that trial would entail a long, detailed and tedious accounting, involving examination of appellant's books and records over a period of 162 weeks; and the other (appellant's) was to the contrary effect that the account would not be too complicated for a jury to understand, and

that the calculation necessary is a matter of simple arithmetic, etc. (The following appears in appellant's brief: "No opposition has been made by the appellant to the production of its books showing the hours and wages of the respondent.")

The court concluded that the action is one at law but that the accounting would involve so many simple calculations that its extraordinary length would complicate it to the extent that it would be impracticable, if not impossible, for an ordinary jury to reach the correct conclusion. Thereupon it was decided that there is present a feature of equitable jurisdiction which devolved upon the court the discretion to order a compulsory reference. *Sumter Hardwood Company v. Fitchette*, 133 S. C. 149, 130 S. E. 881, was cited as authority for the conclusion. However, in lieu of reference, trial was ordered to proceed before the court without a jury.

The appeal is from the refusal of trial by jury and the issue will be decided without reference in detail to the questions stated by appellant which respondent has also argued in his brief. They will be disposed of by answer to the following query: Was it within the discretion of the court to dispense with the jury for the trial of the issues made by the pleadings, in the light of the facts stated in the affidavits of the parties-litigant?

The action is undoubtedly one at law upon statute or contract (*Cannon v. Miller*, 22 Wash. (2d) 227, 155 P. (2d) 500, 157 A. L. R. 530, Annotation, p. 545) and ordinarily triable by jury. In our practice compulsory references are authorized by Sec. 653 of the Code which was adopted with the limitation that it should not be "construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right under the present practice". Subsec. (1).

The pleadings and affidavits before the court contain no semblance of equity save the contention that calculation of the alleged unpaid statutory wages, penalty and attorney's fee are beyond the abilities of a jury. The contention is more than met by *Sumter Hardwood Co. v. Fitchette, supra,* 133 S. C. 149, 130 S. E. 881, and the many earlier cases there cited; *Moody v. Dudley Lumber Co.,* 136 S. C. 327, 134 S. E. 369; *Georgian Co. v. Britton,* 141 S. C. 136, 139 S. E. 217; and *Peoples v. Hornik,* 153 S. C. 321, 150 S. E. 802. The following quotation from the opinion in the *Moody case* (136 S. C. 327, 134 S. E. 371) is applicable:

"A careful examination of the pleadings in this case can lead to but one conclusion. It is clear beyond doubt that the complaint states a legal cause of action, and, unless the defendant by its answer has injected into the case such equitable issue or issues as would require a reference in whole or in part, the plaintiff beyond question is entitled to a trial by jury of all issues involved. A long account is not necessarily complicated or complex. An account may be long, and yet be of such nature as to be easily and correctly determined by a jury on the trial of the case. * * * Nor does the fact that it might be necessary to resort to the books of the defendant to determine just how much lumber was sold by the defendant, and at what prices, during each of such periods, require such an accounting as would be of equitable cognizance".

Two recent decisions are relied upon by respondent. They are *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513, which involved a fiduciary relationship and an accounting of it, which distinguishes it from the action in hand for unpaid wages and statutory penalty; and *Coleman v. Coleman,* 208 S. C. 103, 37 S. E. (2d) 305, which likewise involved a fiduciary relation and an alleged partnership accounting, the latter a controversy also peculiarly within the jurisdiction of equity and therefore referable. *Peoples v. Hornik,*

*supra,* 153 S. C. 321, 150 S. E. 802. The cited authorities are not apposite here.

Reversed and remanded for trial by jury.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

BAKER, CJ., did not participate.