16643

MARION COTTON OIL CO. v. TOWNSEND
(71 S. E. (2d) 500)

*Messrs. McLaurin & McLaurin,* of Dillon, *for Appellant,*

*Messrs. Hawkins & Bethea,* of Dillon, and *Woods & Woods,* of Marion, *for Respondent,*

*Messrs. McLaurin & McLaurin,* of Dillon, *for Appellant, in Reply.*

July 2, 1952.

BAKER, Chief Justice.

This appeal is by the defendant below from an order of Honorable J. Woodrow Lewis, Judge of the Fourth Circuit, referring the matter to the Master for Dillon County to take and report the testimony with his conclusions of fact and of law.

The complaint is upon two causes of action. The first cause of action is upon a promissory note in writing, and the second cause of action upon an account for merchandise sold and delivered. Attached to the complaint, as a part of the second cause of action, is an account running over a period commencing August 1st, 1944, and including February 17, 1950, embracing approximately 275 items of debits and credits.

The answer of the appellant admits the execution and delivery of the note described in paragraph one of the com-

plaint, but denies there is any sum due thereon. In the answer to the second cause of action, it is admitted that the debits and credits, as set forth in the itemized statement of the account, are correct "except as to 15 tons of fertilizer charged against him, which he never received, of a value of Six Hundred Ninety-seven and 50/100 ($697.50) Dollars." (Surprisingly, there is no such item in the account that we can identify.) It is further denied that the statement represents a full statement of the transactions between respondent (plaintiff) and the appellant (defendant), but, on the contrary, it is alleged that "between August 1, 1944, and February 17, 1950, both dates inclusive, plaintiff and defendant did a large volume of business, the defendant selling and delivering to the plaintiff many tons of cotton seed of a value of Seven Thousand, Four Hundred Eighty-seven and 11/100 ($7,487.11) Dollars, which were not credited to the defendant's account, and which do not appear on the aforesaid statement as a credit, and, after deducting the full amount of plaintiff's claim, as aforesaid, and after deducting the amount claimed to be due on the promissory note, there would be due to the defendant by the plaintiff the sum of Five Thousand, Five Hundred Sixty-five and 04/100 ($5,-565.04) Dollars." (The items of cotton seed listed, as hereinabove and next hereinafter referred to, aggregate $7,856-.36, and not $7,487.11 as alleged.)

There is included in the answer an itemized statement of nineteen alleged deliveries of cotton seed by the appellant to the respondent, and it is alleged that the deliveries therein stated are for seed grading 100, "which is the standard used by the plaintiff, but defendant does not know the actual grades as the plaintiff was responsible for grading seed, however, the defendant does allege that said seed would average very nearly 100 grade." The appellant asked for judgment against the respondent by way of counter-claim in the amount of $5,565.04.

The reply to the counter-claim is simply a general denial.

The issue raised on appeal may be succinctly stated as follows: Was the Circuit Judge, under the pleadings in this case, in error in granting an order of reference?

This action is, of course, one upon legal causes of action, viz., a written promissory note, and for a balance due on an account for goods sold and delivered. It is academic that in such an action either party is entitled to the right of jury trial under ordinary conditions, and the fact that the account involved is a long one is not within itself sufficient to warrant the granting of an order of reference. It is necessary as well that the account be so complicated that it would not be practicable for an ordinary jury to comprehend and adjust the issues correctly. *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513. This Court has stated in *Georgian Co. v. Britton,* 141 S. C. 136, 142, 139 S. E. 217, 218:

"We must keep clearly in mind the distinction between a suit on *an account* and one *for accounting,* for while the latter is strictly an equitable cause, it is not true of the former."

The authorities relating to compulsory orders of reference in legal and equitable actions have been so recently reviewed that it is unnecessary to discuss them at length. *Coleman v. Coleman,* 208 S. C. 103, 37 S. E. (2d) 305. The complaint in this action, as in the *Coleman case,* is one at law, and not in equity, but, as appears from the *Coleman case* and the decision of this Court in *Jefferies v. Harvey, supra,* a compulsory order of reference may be granted not only in all equitable cases, but also in actions at law where equitable issues are involved; and equitable issues are involved, within this rule, wherever the trial of the action will involve such a complicated, intricate and long accounting that it would be impracticable for a jury to properly examine and adjust the items, or where it would be impracticable for a jury to make the computations and adjustments necessary to ascertain the truth, and

do justice between the parties. In both the *Jefferies* and *Coleman cases,* elements of a fiduciary character were presented. In the *Coleman case,* it was said that the defendant himself invited a partnership accounting, which is a matter of equitable cognizance, by allegations of his answer setting up a partnership relationship, and a claim for alleged profits extending over a period of years, during which according to the defendant, no records of partnership earnings were kept except as disclosed by the tax returns of the plaintiff and the defendant. An order of reference, for that reason, was held to be proper.

The question in this case, therefore, resolves itself down to whether or not the pleadings show that the trial of the action will involve a complicated, intricate and long accounting, or whether it would be impracticable for a jury to make the necessary computations and adjustments to ascertain the truth of the matter.

Upon a cursory reading of the pleadings, the impression is gained that this action involves the examination of a long and complicated account, but a more careful analysis thereof does not support this conclusion. It will be observed that the answer admits the correctness of the account of the plaintiff (respondent) in all of its details except it is claimed that an item of fertilizer charged was not sold and delivered, and that appellant (defendant) was not credited with 19 separate deliveries of cotton seed. The respondent does not allege that these deliveries, or any part thereof, are credited on the account, or that they are in anywise involved in this account. The reply to the counter-claim listing these items, is simply a general denial. If it appeared that the respondent occupied a fiduciary relationship to the appellant, and he were asking for an accounting as to the deliveries of cotton seed set forth in the counter-claim, we would be disposed to sustain the order of reference upon that ground, or if there had been a denial of the respondent's account, which would require an ex-

amination and adjustment of all of the items therein so as to make it impracticable for a jury to make the necessary computations and adjustments to ascertain the truth, we would likewise be disposed to sustain the order of reference, but since the appellant has admitted the account *in toto*, with the exception of one item, and has simply claimed credits for 19 additional separate deliveries of cotton seed, and there are no allegations showing a fiduciary relationship in regard thereto, the appellant is entitled to a jury trial and the order of reference must be reversed. See *Beaty v. Massey-Hite Grocery Co.,* 211 S. C. 242, 44 S. E. (2d) 535, 174 A. L. R. 418.

Incorporated in this record, over the objection of the appellant, were the pleadings in another action brought by respondent against appellant and his wife, at the same time this action was brought, which proceeding is referred to as Action No. 2. Action No. 2 is for foreclosure of two mortgages given by appellant to respondent. A motion for order of reference in that case was made, heard and granted at the same time as in this case, and there was no appeal. Nevertheless, the Circuit Judge, in settling the record in this case, included the pleadings in Action No. 2. For this reason, there is an appeal from the order settling the record. We can see no occasion for the printing of anything in this record relating to Action No. 2. The appeal from the order settling the case is sustained.

Reversed and remanded for trial by jury of the issues involved herein.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.