STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.

### 17143

JAMES R. TAYLOR, trading and doing business as Taylor's Plumbing & Heating, Respondent, v. CECIL'S, INCORPORATED, *ET AL.,* of which the Trustees of Spartanburg County School District Number Two, are Appellants.

(92 S. E. (2d) 268)

*Arnold R. Merchant, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. S. R. Watt, T. E. Walsh, Means & Browne, Kerr & Evins,* and *Holcombe & Bomar,* all of Spartanburg, *for Respondents,*

April 10, 1956.

STUKES, Chief Justice.

Plaintiff brought this action against Cecils, Incorporated, against the Trustees of Spartanburg County School District

No. 2 and against National Surety Corporation. It was alleged in the complaint that Cecil's contracted to construct a school building for the District; the Surety Corporation issued its performance bond in the penal sum of $232,000.00; plaintiff was the sub-contractor for the heating and plumbing in the amount of $40,355.20, of which $8,474.15 is unpaid after demand upon Cecil's. Prayer was for judgment against the defendants in the sum of the alleged unpaid balance of the amount of the subcontract.

The Trustees answered that they have paid the prime contractor, Cecil's, the full contract price, but the work referred to in the complaint was not authorized, approved or accepted by them and is unsatisfactory, has been refused by them and by the State Finance Commission, wherefore they prayed dismissal of the complaint as to them.

Cecil's answered, admitting the contract in the amount of $232,000.00, and that changes and additions were made at the direction of the Trustees for an additional contract price of $14,594.68, which latter amount has not been paid, although demanded, and the Trustees have accepted the building; the plaintiff-subcontractor has been paid the sub-contract price and also $1,870.48 on account of changes which were authorized by the Trustees, but the latter are still owing Cecil's $14,594.68 for the changes and additions. The answer further pleaded performance of the contract and additions and that the building has been accepted by the Trustees. It was also alleged that Montgomery & Crawford Company, Inc., and Noland Company, Incorporated, claim unpaid balances in specified amounts for materials furnished plaintiff, whereby it was prayed that those corporations be impleaded and made parties, and judgment was demanded against the trustees in the amount of $14,-594.63.

Montgomery & Crawford Company, Inc., and Noland Company, Incorporated, were made parties-defendant by

order of the court and allowed to answer or otherwise plead. Sections 10-219 and 10-707, Code of 1952.

The Trustees "answered" the answer of Cecil's denying that any balance was due the latter and denying that any additions to the contract were authorized or accepted by them, and reiterating that the work of plaintiff was unsatisfactory and had been refused by them and by the State Finance Commission.

Montgomery & Crawford Company, Inc., answered and counterclaimed, and prayed judgment against plaintiff, against Cecil's, against the Trustees and the Surety Corporation in the sum of $3,302.37 for materials furnished plaintiff and used by him in the construction of the building, and itemized and verified statement of account was attached to the answer.

The Trustees "answered" the answer and counterclaim of Montgomery & Crawford Company, Inc., by, in effect, denying the allegations of them.

Cecil's filed an "answer" to the counterclaim of Montgomery & Crawford Company, Inc., wherein the material allegations of it were denied.

Noland Company, Incorporated, also answered and counterclaimed for the amount of an account for materials furnished by it to plaintiff and used in the construction of the building, but this defendant has since been paid in full and no longer has any interest in the controversy.

Reply was filed by plaintiff to the counterclaim of Montgomery & Crawford Company, Inc., claiming errors in the latter's account, of which strict proof was demanded; and further that discounts were promised on plaintiff's purchases of materials for this building and three other buildings, which discounts had not been credited and they would more than offset the amount of the account; the prayer of the reply concluded as follows: "that the counterclaim of the defendant, Montgomery & Crawford Company, Inc.,

against this plaintiff be dismissed and that Montgomery & Crawford Company, Inc., be required to account to the plaintiff for the discounts which they failed to credit to his accounts, and for such other and further relief as is just and proper."

The most of the stated pleadings are prolix; the foregoing is but a brief summary and is intended to be a construction of them only to the extent necessary for the consideration of the appeal.

Over the objection of the Trustees, the other parties to the action assenting, a general order of reference was made whereby all issues were referred to the Master to take the testimony and report his findings of fact and conclusions of law. It was concluded by the court that the answers raised equitable issues and that the numerous transactions would involve long and tedious accounts, which warranted reference rather than trial by jury. The Trustees have appealed.

The appeal will have to be sustained. The action is at law and the pleadings do not indicate such long and complicated accounts that it would not be practicable for a properly instructed jury to comprehend and adjust the issues between the parties. An account must not only be long, but so complicated as to be beyond the comprehension and finding of the jury, in order for the action to be compulsorily referable. *Sumter Hardwood Co. v. Fitchette*, 133 S. C. 149, 130 S. E. 881. *Moody v. Dudley Lumber Co.*, 136 S. C. 327, 134 S. E. 369. *Georgian Co. v. Britton*, 141 S. C. 136, 139 S. E. 217. *Jefferies v. Harvey*, 206 S. C. 245, 33 S. E. (2d) 513. *Beaty v. Massey-Hite Grocery Co.*, 211 S. C. 242, 44 S. E. (2d) 535, 174 A. L. R. 418. *DePass v. Piedmont Interstate Fair Ass'n*, 217 S. C. 38, 59 S. E. (2d) 495. *Marion Cotton Oil Co. v. Townsend*, 222 S. C. 32, 71 S. E. (2d) 500. The only "accounting" referred to in the pleadings here is that in the reply of plaintiff to the counterclaim of Montgomery & Crawford Company, Inc., the prayer of which is quoted in

part above and which contends for discounts of 5% and 2% on the purchases of the pleader from Montgomery & Crawford Company, Inc. Complication in the required calculations is not evident, if the claims to the discounts should be sustained by the evidence and found by the verdict of the jury.

The Code provides that the reference statute shall not be construed, quoting, "so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right under the practice in effect prior to February 7, 1928." Section 10-1403. The Trustees would be so deprived in this case if the order of reference should be affirmed.

The authorities cited by the respondents were distinguished in *Beaty v. Massey-Hite Grocery Co., supra* [211 S. C. 242, 44 S. E. (2d) 536], from the opinion in which we quote the following presently applicable portion: "Two recent decisions are relied upon by respondent. The are *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513, which involved a fiiduciary relationship and an accounting of it, which distinguished it from the action in hand for unpaid wages and statutory penalty; and *Coleman v. Coleman,* 208 S. C. 103, 37 S. E. (2d) 305, which likewise involved a fiduciary relation and an alleged partnership accounting, the latter a controversy also peculiarly within the jurisdiction of equity and therefore referable. *Peoples v. Hornik, supra,* 153 S. C. 321, 150 S. E. 802. The cited authorities are not apposite here."

The order of reference is reversed and the case is remanded for trial by jury.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.