16488

NACHMAN-RHODES, INC. v. LIGHTNER *ET AL.*

(64 S. E. (2d) 393)

*Messrs. L. H. Andrews* and *F. Ehrlich Thomson,* of Columbia, *for Appellants,*

*Messrs. Bell & Bell,* of Augusta, Ga., and *Belser & Belser, Irvine F. Belser* and *Walter J. Bristow, Jr.,* of Columbia, *for Respondent,*

April 6, 1951.

A. L. GASTON, Acting Associate Justice.

The plaintiff in this case sues the two defendants as co-partners upon an account for $5,937.34, being the balance due for radio advertising in connection with the alleged partnership business conducted by them under the name of Lightner's Chicks and also as Lightner's Poultry Farm. The title of the case refers to the defendants "Individually and as members of a partnership", etc. as will appear by reference to the above title. The complaint also prays for judgment "Against the said defendants individually and as members of the said partnership" for the sum due on the said account. The allegations of the complaint set forth on information and belief that "The defendants at the time hereinafter mentioned were and are now partners doing business under the name and style of Lightner's Chicks and also as Lightner's Poultry Farm"; and that the said defendants are indebted to the plaintiff in the sum alleged; that plaintiff has rendered to the said defendants statements of the account and that the defendants have never denied the account and have admitted that the same was due, and after repeated demands upon them, have failed to pay the same. A copy of the account is attached to the complaint and the complaint is verified. Each defendant was served with the summons and complaint personally.

The Answer of Charles A. Lightner, Jr. denies that he and his co-defendant were then or are now partners, and alleges that he was the exclusive and sole owner and operator of the business; and admits that he is indebted to the plaintiff for radio advertising but denies that the amount

alleged is true and correct; and that any amount now due is sole and exclusive obligation of his; and that Mrs. Lightner is not liable in any manner whatsoever therefor or any part thereof. The answer of Mrs. Lightner specifically denies the allegation of the complaint as to the alleged partnership; and alleges that she has at no time entered into any agreement or contract or otherwise promised or assumed any obligation to pay for this radio service and specifically and expressly denies that she is a partner in any business now or at any other time with Charles A. Lightner, Jr., or any other person and specifically denies that she is indebted to the plaintiff in any sum whatsoever.

The suit was begun February 28, 1950. After the answers were filed a notice was served on 19th April, 1950 by plaintiff's attorneys upon the attorney for the defendants of a motion to be made before Judge Legare Bates on April 25, 1950 for an order to strike out the answer of each defendant and particularly the answer of Charles A. Lightner, Jr., as sham, frivolous and dilatory and that the motion would be made for judgment upon the pleadings for the full amount claimed and also for the appointment of a receiver of the business of Lightner's Chicks and Lightner's Poultry Farm. The motion was based upon the pleadings and upon an affidavit of Herber Nachman and also upon the other exhibits. The said affidavit sets forth in detail that the defendants have never denied the accuracy or the validity of the debt but have repeatedly admitted the correctness of the account and promised to pay it. It is a matter of comment that the plaintiff offered no statement in writing or letter signed by Mrs. Re Lee Andrews Lightner (Mrs. C. A. Lightner, Sr.) and that the affidavit is based on deponent's understanding and information. The total amount of the account as of June 1, 1949 appeared to be $19,994.44 and the two checks referred to in the affidavit amount to a credit of $13,985.78. This appears to be a rather large account and the letters referred to indicate that this is or was

a very large business in chickens. The record does not show what contract, if any, was entered into or what written agreement, if any, was executed by the defendants or either of them with the plaintiff. There is no written evidence in the record to bind Mrs. Re Lee Andrews Lightner for the payment of the account and there is no written evidence in the record signed by her or by Charles A. Lightner, Jr., that a co-partnership existed between the parties. The record does not show that the account was charged on the books of the company against her as a co-partner. Certainly judgment could not be rendered against her on the pleadings. Consequently as a result of the motion before Judge Bates he granted an order to strike out the answer of Charles A. Lightner, Jr., and granted a judgment against him for the amount sued upon in the complaint. He further ordered that the issues raised by the answer of Mrs. Re Lee Andrews Lightner should be referred to the Master "To take the evidence and report the same to the Court". It was further ordered that the matter of the appointment of a receiver "Should be deferred in that a receiver should not be appointed at this time but that the plaintiff should have leave dependent upon further developments in this case to file an application in this proceeding or elsewhere hereafter for the appointment of a receiver if he should be so advised." No appeal is taken from the part of the order which refers to the appointment of a receiver, therefore, no question is raised on appeal in regard to that part of the order and the matter of a receivership is not before this court for consideration.

The appeal raises two issues. The first is that the compulsory order of reference deprives the defendants of trial by jury to which they are entitled and that the order of reference is improper. The second is that judgment against C. A. Lightner, Jr., alone is improper when the complaint sought judgment against both defendants upon the theory of alleged partnership. We will consider first the issue in regard to the order of reference, which

relates entirely to Mrs. Lightner. Her answer raises a material substantial issue as to the allegation that she is a member of the partnership. This is strictly an issue of fact. It does not involve any equitable issues nor does it involve a complicated account. The respondent contends that this action involves existence of a partnership, and involves a trust relationship and other features of equitable nature and also for the appointment of a receiver and liquidation of the partnership. It is further contended that the order of reference was granted following the judgment against Charles A. Lightner, Jr., for the debt and that the plaintiff is in the position of a judgment creditor against him and therefore has the right to test the partnership as an equitable issue; also to refer the case involving the mortgage debt of the copartners as to its validity and priority. The respondent claims that there was also before the court the fact as shown by the affidavit that Mrs. Lightner, Sr., was carried as a partner for the year 1949 and claimed to relinquish her interest in the business in the City Directory for the year 1949 and claimed to relinquish her interest in the latter part of that year. It is contended that Section 653 (3) provides for a reference where a question of fact, other than upon the pleadings arise upon motion or otherwise in any stage of the action. The only tangible evidence that Mrs. Lightner, Sr., is a co-partner is the City Directory which respondent in their argument rely upon as proof of the partnership. This, however, overlooks the material substantial issues of fact of her alleged partnership. Until it is adjudicated that she is a partner there can be no equitable issues for the court to pass upon. Even if both legal and equitable issues arise it is proper to determine the legal issue first of the fact of the partnership and Section 653 (1) of the Code provides that this section shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by a jury as a matter of right under the present practice. Therefore, it is clear that the matter should not have been referred to the referee to

decide this issue of fact and that she is entitled to a trial by jury of the issuues raised by her answer. There are many cases which govern, and the latest in *Beaty v. Massey-Hite Grocery Co.,* 211 S. C. 242, 44 S. E. (2d) 535, 174 A. L. R. 418. The cases relied upon by the respondent are not applicable and are readily distinquished from the present case. The exceptions relating to this issue are sustained.

The appeal raises the right to grant judgment against Charles A. Lightner, Jr., individually, for the full amount claimed against the defendants as co-partners. The ground of the exception is that the action was brought upon the theory of joint liability by reason of alleged partnership, and to permit a separate liability was an improper departure from the theory of liability sought to be imposed. Also the exception as to him raises the issue that the question of the existence of the partnership was triable by a jury. The appellants do not cite any cases in argument to sustain these exceptions as to his separate liability, nor does the argument of the respondent refer to any authorities on this issue. The suit is brought against both parties, individually and as members of the partnership as appears by the caption or title to the case and the complaint prays for judgment against the defendants, individually and as members of the partnership. The answer of C. A. Lightner, Jr., admits his sole and separate ownership of the business and that the debt is his sole and exclusive obligation. Such admissions in the answer are equivalent to a plea on his part of separate liability. However, such a plea is not binding on his co-defendant. The parties themselves seem to have considered "The complaint alleges a cause of action against the defendant-appellants, individually and as members of a partnership entitled Lightner's Chicks and Lightner's Poultry Farm, based upon an account for Radio advertising", as set forth in the agreed statement of the transcript. No motion to strike, or to require an election of remedies, or to make more definite and certain was served by the defendants to the complaint; nor did the

defendants by demurrer or otherwise raise the issue or question of the right to sue the defendants both individually and as members of the partnership. It is clear that the defendants waived the right to object now to the judgment individually against Charles A. Lightner, Jr. The record fully sustains his liability for the full amount claimed in the complaint. The affidavit for judgment against him sets forth in detail an itemized statement of the account, to which nothing to the contrary was submitted by him on the motion before Judge Bates. Attention is called to the uniform partnership act approved February 13, 1950, 46 Stat. at Large page 1841 et seq. which however, does not affect this case since the transaction arose prior to its passage.

Therefore, the exceptions by Charles A. Lightner, Jr., must be overruled and the judgment as to him, individually for the full amount sued upon in the complaint, is hereby sustained and affirmed. It is further ordered that the issues raised by the answer of the defendant, Mrs. Re Lee Andrews Lightner must be tried before a jury and the case is remanded as to her to the court below for a trial by a jury of all issues raised by her.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.