18976

McFarland DAVIS, on behalf of himself and all other taxpayers of the City of Greenwood, State of South Carolina, Appellant, v. The GREENWOOD—UNITED TELEPHONE COMPANY, Inc., The Commissioners of Public Works of the City of Greenwood, South Carolina, as trustee for the taxpayers and its customers of the City of Greenwood, Respondents.

(170 S. E. (2d) 384)

*Messrs. Watson, Ayers & Shaw,* of Greenwood, *for Appellant,*

*Messrs. Burns, McDonald, Bradford, Erwin & Few,* of Greenwood, *for Respondent, Commissioners of Public Works of the City of Greenwood, South Carolina,*

*William T. Jones, Esq.,* of Greenwood, *for Respondent, Greenwood-United Telephone Company,*

Nov. 4, 1969.

*Per Curiam:*

In this action plaintiff appeals from a decree of the circuit court (which will be reported herewith) ordering a general reference pursuant to Sec. 10-1402 of the 1962 Code of Laws of South Carolina. We have carefully reviewed the record and the decree of the lower court; we have also fully considered the briefs of counsel and the authorities cited therein, and conclude that the lower court correctly held that the defendants were entitled to a decree referring the cause.

The plaintiff-appellant, in addition to contending that the cause should not have been referred, argues on appeal two questions which were neither presented to nor passed upon by the court below. It is an elementary proposition of law that, save for exceptions not here pertinent, questions may not be raised for the first time on appeal.

The exceptions of the appellant are, in our view, without merit and the judgment of the lower court is, accordingly,

Affirmed.

## ORDER OF JUDGE MORRISON

This matter came on before me at the February, 1969 term of Court of Common Pleas for Greenwood County on motion of the two remaining defendants herein for an Order of Reference and was heard on the pleadings and affidavits.

This is an action brought by the plaintiff, McFarland Davis, on behalf of himself and all other taxpayers of the City of Greenwood, South Carolina. The action was brought against the Greenwood-United Telephone Company, Inc., hereinafter referred to as Telephone; the City of Greenwood, South Carolina, and the Commission of Public Works of the City of Greenwood, South Carolina, hereinafter referred to as CPW, as trustee for the taxpayers and its customers of the City of Greenwood. The action, as to the defendant City

of Greenwood, South Carolina, was dismissed by order of the Court in prior proceedings.

The Complaint alleges that CPW, as trustee for plaintiff "used bad faith in management of the affairs and property of the taxpayers of the City of Greenwood, and, in "violation of trust" permitted the use of its power line poles by Telephone and its predecessors for over twenty years, without charge for the use of such property which was being "held in trust for said taxpayers."

The Complaint seeks to hold the defendants CPW and Telephone accountable to plaintiff for money which plaintiff alleges that CPW should have collected from Telephone for its use of CPW's power line poles. In asserting his alleged cause of action plaintiff states that the said power line poles were property that belonged to him and the other taxpayers of the City of Greenwood. Plaintiff further alleges that this property that belonged to him and the other taxpayers was "held in trust for said taxpayers," but that CPW "acting in bad faith" and "in violation of trust" conferred an "unjust enrichment" upon Telephone by failing to collect such money from Telephone; hence, plaintiff, by the theory of his alleged cause of action, deems CPW and Telephone accountable to him for the money which he alleges was not collected on account of a breach of trust and unjust enrichment.

The cause of action alleged and sought to be established by Plaintiff is plainly one based upon an alleged fiduciary relationship between the parties. The Plaintiff, as Trustor, has alleged the violation of a fiduciary duty by his Trustee, CPW. This fact of the matter alone—the very language, characterizations, and substance of the Complaint itself—clearly renders the action one of equitable cognizance, calling for a general reference.[1]

---

[1] Upon oral argument defendants took the position (1) that the action involved a long, intricate and complex accounting presenting an equitable issue, and (2) that a general Order of Reference should be issued, based upon the action being an equitable one for breach

It is firmly recognized as a rule and principle of law in this State that "all possible trusts, *wherther express or implied,* are within the jurisdiction of the chancellor." (Emphasis added). *Winn v. Harby,* 171 S. C. 301, 172 S. E. 135. The Court further emphasized the rule by quoting from *Oelrichs v. Spain,* 15 Wall. (82 U.S.) 211, 228, 21 L. Ed. 43, 44 that if "(t)here is *an element* of trust in the case, *which, wherever it exists,* always confers jurisdiction in equity." (Emphasis added.) Counsel for plaintiff argues mainly that the action should not be referred because (although, admittedly, damages are not alleged in the Complaint), the plaintiff is seeking a money judgment. This is the same contention which was presented to and dealt with by the Court in the cited case, as follows:

"the fact that the relief demanded is a recovery of money only is not important in deciding the question as to the jurisdiction of equity, * * *. It often happens that the final relief to be obtained by the *cestui que trust* consists in the recovery of money. 1 Pom. Eq. Jur. S. 158."

Apart from the dependence of plaintiff's action upon proceedings in equity, if it is to be maintained, the action is one which requires reference for the additional reason that the prosecution of it involves a long, complicated and intricate accounting which it would be impracticable for an ordinary jury to comprehend and correctly decide the issues. *Jefferies v. Harvey,* 206 S. C. 245, 33 S. E. (2d) 513. Defendants' affidavits, setting forth the full complexity and length of the accounting involved, which were served on plaintiff at time of and with the notice of motion by defendants, were not controverted. These uncontroverted affidavits fully evidence the fact that the account is so long, intricate

---

of a fiduciary duty. The latter position, while not expressly set out in the motion, was joined on issue by opposing, plaintiff's, counsel in their arguments. Moreover, there appears to be fundamental and compelling merit in this position. It, having come to the attention of the Court, cannot now be ignored, and, *sua sponte,* will be given effect by the Order of this Court, on authority of Section 10-1402 of the South Carolina Code of Laws, 1962.

and complicated that a jury could not be expected to keep the items and calculations clearly in their minds and give each item its proper weight and application and do justice to the parties.

In *Coleman v. Coleman,* 208 S. C. 103, 37 S. E. (2d) 305, the circuit decree adopted by the South Carolina Supreme Court succinctly stated:

"* * * the rule, now settled in this state (is) that a compulsory order of reference should be granted not only in all equitable cases, but also in actions at law where equitable issues are involved; and that equitable issues are involved within this rule whenever the trial of the action will involve a complicated, intricate and long accounting that it would be impracticable for a jury to properly examine and adjust, or where it would be impracticable for a jury to make the necessary computations and adjustments necessary to ascertain the truth and to do justice between the parties. *And this rule is given especial emphasis* in cases where the relationship between the litigants is of a fiduciary character or *involves an alleged breach of trust."* (Emphasis added.)

Judge Lide's lucid explanation, adopted by the Supreme Court in *Coleman,* quoted from *Smith v. Union Central Life Insurance Company,* 112 S. C. 356, 99 S. E. 830, provides a remarkable similarity of factual analysis with the case at bar in the following statement:

"There are two reasons why his honor, the presiding judge, erred in ruling that the plaintiff was entitled to a trial by jury: In the first place, the fact, as shown by the contract, that the plaintiff as agent was intrusted with the collections of money for the benefit of his principal created a fiduciary relation between them, and entitled either of them to invoke the equitable aid of the court by way of an accounting. And, in the second place, the accounts are so complicated that a trial by jury would not afford adequate relief."

While the plaintiff herein does not pray for an accounting, the necessity therefor is implicit in and surfaces from the allegations of his Complaint. *Jefferies v. Harvey, supra.* If the alleged trustee in this case, CPW, is to be held accountable to plaintiff for money which CPW allegedly, by reason of bad faith and breach of trust, failed, over a long period of time, to collect for the benefit and use of the *cestui que* trust (plaintiff), then, clearly, at some stage of proceedings there must be an accounting. This eventuality, of course, is subject to the defendants being found bound to and held accountable to plaintiff as charged in the substantive language of the Complaint. The Complaint charges CPW with bad faith, a conscious violation of alleged duties which it, "as Trustee," allegedly owed plaintiff. Telephone is only alleged to have accepted the fruits of such alleged bad faith actions of the fiduciary and unless CPW is found to be a faithless fiduciary there is no accounting due from anyone.

Upon a careful examination and consideration of the nature of the action alleged and presented herein, the facts appearing from the pleadings and affidavits, the arguments of respective counsels, and the applicable law cited in the foregoing, the Court is of the opinion that an order of general reference is proper.

It is ordered, adjudged and decreed that a compulsory general reference to hear and determine all issues of law and fact in this action is directed to the Judge of Probate for Greenwood County, ex-statuto, Master in Equity, Sections 10-1405 and 15-501, South Carolina Code of Laws, 1962, who shall hear the issues and render his findings of fact, conclusions of law, and recommendations to this Court, as by the statutes and this order provided.