23688

Tanya Saleeby WADDELL, Trena Saleeby Bess, Shebra Saleeby Patterson, and Valerie Saleeby Schulz, Respondents v. George A. KAHDY and Nell M. Kahdy, Personal Representatives of the Estate of Mary G. Saleeby, a/k/a Mary A Saleeby, deceased; and Helen Elaine Saleeby Conklin; and James Herbert Waddell, Jr., Joseph Saleeby, Evelyn Saleeby, Gerald Pregnall Saleeby, William Saleeby, Holly Anne Saleeby, Bryan Saleeby, Vera Saleeby Stanton, Violet Batter Zahka, Mary Alice Saleeby Najim, Charles G. Saleeby, Jr., and Assaf Khalil Saleeby, individually and for the benefit and on behalf of all other similarly situated (other than the individual Defendant Helen Elaine Saleeby Conklin) who are "members of the families of my mother, Emma Saleeby and my father, George Monsoor Saleeby," as those terms are used in Item VI of the Will of the decedent, and who are as such, persons potentially interested in the Trust attempted to be established under Item VI of the decedent's Will, including all of such persons, whether known or unknown, adult or minor, competent or incompetent, in or out of the military service of the United States, and otherwise laboring under some disability, Defendants, of whom James Herbert Waddell, Jr., is Respondent, Helen Elaine Saleeby Conklin is Respondent/Appellant, and Assaf Khalil Saleeby is appellant/Respondent, and George A. Kahdy and Nell M. Kahdy, Personal Representatives of the Estate of Mary G. Saleeby, are Respondents.

(419 S.E. (2d) 783)

Supreme Court

*James B. Van Osdell* and *Nadia Rasheed Black*, both of *Van Osdell, Lester, Howe & Ride, P.A.*, Myrtle Beach, *for appellant/respondent Assaf Khalil Saleeby*.

*Earl B. Conklin, Jr.*, pro se, Florence, *for respondent/appellant Helen E. Saleeby Conklin*.

*James L. LeBlanc*, Overbrook, PA, *for respondents Tanya Saleeby Waddell, Trena Saleeby Bess, Shebra Saleeby Patterson* and *Valerie Saleeby Schulz*.

*Edward E. Saleeby, Sr.* and *F.W. Auman, III*, both of *Saleeby and Cox*, Hartsville, *for respondents Tanya Saleeby Waddell, Trena Saleeby Bess* and *Shebra Saleeby Patterson*.

*Gary W. Crawford*, Florence, *for respondent James Herbert Waddell, Jr.*

*Warren A. Kohn*, Columbia, *for respondent Valerie Saleeby Schulz*.

*John R. Clarke*, North Myrtle Beach, *for respondents George A. Kahdy* and *Nell M. Kahdy*.

Submitted May 19, 1992; Decided July 20, 1992.

Reh. Den. Aug. 12, 1992.

TOAL, Justice:

These cross appeals arise out of an action to construe a trust created in the will of Mary G. Saleeby, testator. One defendant claims the trial Judge erred in denying her motion to change venue from Horry County to Florence County and in denying her motion for a protective order preventing the taking of her deposition. Several defendants claim that the trial judge erred in refusing to grant a jury trial to construe the trust created in the will. We affirm.

## FACTS

Mary G. Saleeby ("Mary") died in Horry County on May 3, 1988. By Will dated January 29, 1976, she left nominal sums to her sister, Helen Elaine Saleeby Conklin ("Sister-Respondent/Appellant"), and her nieces, Tanya, Trena, Shebra and Valerie ("Nieces-Respondents"). Devises were also made to the Personal Representatives, the Kahdys ("Respondents"), and a cousin; the rest and residue of Mary's estate was bequeathed as follows:

> unto Archbishop Saleeby of Beirut, Lebanon, in TRUST, to use corpus and income therefrom as he sees fit and necessary, *to help support and educate the needy members of the families of my mother, Emma Saleeby, and my father, George Monsoor Saleeby.*

(Emphasis added.) Archbishop Saleeby died on October 11, 1977.

After Mary's death, Nieces instituted this declaratory judgment class action in probate court,[1] seeking to have trust declared invalid as violative of the Rule Against Perpetuities.[2] The Nieces contend the residue of Mary's estate passes through intestacy and that they, along with Sister, are the sole surviving intestate beneficiaries.

Sister did not file an answer, but moved for a change of venue to Florence County and for a protective order to prohibit the taking of her deposition. These motions were denied and she appeals.

---

[1] The action was apparently removed to Circuit Court. The record, however, is silent on the procedure used.

[2] S.C. Code Ann. § 27-6-20 (1991).

Mary's cousin, Assaf Kahlil Saleeby ("Cousin-Appellant /Respondent"), answered, conceding a violation of the Rule Against Perpetuities, but contending the trust could be reformed to comply with the Rule. Cousin's demand for a jury trial was denied by the trial court, and he appeals. Sister and the Personal Representatives join his appeal in this issue.

## LAW/ANALYSIS

The order requiring Sister to submit to deposition is not directly appealable. *Patterson v. Specter Broadcasting Corp.*, 287 S.C. 249, 335 S.E. (2d) 803 (1985); *Wallace v. Interamerican Trust Co.*, 246 S.C. 563, 144 S.E. (2d) 813 (1965). Therefore, this issue is not before us.

Sister's contention that the trial court erred in refusing to change venue from Horry County, the place of Mary's domicile, to Florence County, where Sister resides, is without merit. The trial judge held that venue was controlled by S.C. Code Ann. § 62-1-303 and § 62-3-201 of the probate code. Sister claims that S.C. Code Ann. § 15-7-30 (1976) controls.[3] We disagree. This action was originated in Probate Court. The record does not reveal how the action was transferred to the Circuit Court. We assume, for the purpose of this opinion, that the action was removed pursuant to S.C. Code Ann. § 62-1-302 (1991).

When the legislature provided a mechanism to remove certain cases from Probate Court to Circuit Court, they did not specify which venue statute would apply after removal. Because the action remains primarily an action governed by the Probate Code, we hold that the §§ 62-1-303 and 62-3-201 continue to govern in cases removed to the Circuit Court under § 62-1-302(c) (1991). Thus, we affirm the trial judge on this issue.

Finally, we address Cousin's claim that interpretation of the trust is an action at law thereby entitling him to a jury trial.

We reject the contention that the requested construction of the word "families" in a trust created by a will makes this an

---

[3] We note that even under S.C. Code Ann. § 15-7-30 (1976), Sister is not entitled as a matter of right to have venue moved to Florence as other defendants live in Horry County. Sister makes no claim that trial judge abused his discretion in refusing to change venue from Horry County to Florence County.

action at law giving rise to a right to a jury trial. In *Davis v. Greenwood-United Telephone Co.*, 253 S.C. 318, 322, 170 S.E. (2d) 384, 385 (1969), the Court, adopting the order of the Circuit Court, stated:

> It is firmly recognized as a rule and principle of law in this State that 'all possible trusts, *whether express or implied*, are within the jurisdiction of the chancellor . . . if' (t)here is *an element* of trust in the case, *which, whenever it exists*, always confers jurisdiction in equity.

(Citations omitted emphasis in original.) This principle was recognized by Professor Karesh in his article *Probate Court Jurisdiction Over Testamentary Trusts*, 2 S.C.L.Q. 13, 44 (1944), Stating "the jurisdiction of a court of equity to construe wills in which a trust has been created is clear, not only under the declaratory judgment acts . . . but as an inherent element in the pattern of its operation."

We find an action to construe or to void a trust is equitable in nature such that the demand for a jury trial was properly denied.

Affirmed.

HARWELL, C.J., and FINNEY and MOORE, JJ., concur.

CHANDLER, J., not participating.