**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lucas Marchant, Respondent,

v.

John Doe and John Doe d/b/a Democrats for Marchant, Defendants,

Of which John Doe is the Appellant.

Appellate Case No. 2019-001605

———————————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-413
Submitted October 3, 2022 – Filed November 23, 2022

———————————

**DISMISSED**

———————————

Samuel Darryl Harms, III, of Double Aught Injury Lawyers, LLC, of Greenville, for Appellant.

Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of Greenville, and Christopher Shannon Leonard, of Kendrick & Leonard, P.C., of Columbia, for Respondent.

———————————

**PER CURIAM:** In this defamation action filed by Lucas Marchant against John Doe and John Doe d/b/a Democrats for Marchant, Doe appeals, arguing the circuit court erred in (1) finding it had subject matter jurisdiction; (2) failing to find his speech is protected by the federal and state constitutions; (3) denying his motion to dismiss; (4) denying his motion for a protective order; and (5) denying his motion to quash a subpoena. We dismiss the appeal as interlocutory and not immediately appealable.

In conjunction with filing an answer in this case, Doe, claiming a right to anonymity based on political speech, filed a motion to dismiss and a motion to quash and for a protective order. After a hearing on the motions, the circuit court found it had jurisdiction over Doe and subject matter jurisdiction. The court denied the motions to dismiss, for a protective order, and to quash the subpoena. We dismiss, finding the order is not immediately appealable. *See Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011) (finding an order denying a motion to dismiss for lack of subject matter jurisdiction is not directly appealable); *Mid-State Distribs., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 336, 426 S.E.2d 777, 781 (1993) (explaining an order denying a motion to dismiss for lack of personal jurisdiction "is interlocutory and not directly appealable"); *Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008) (explaining that "discovery orders, in general, are interlocutory and are not immediately appealable"); *Tucker v. Honda of S.C. Mfg., Inc.*, 354 S.C. 574, 577, 582 S.E.2d 405, 407 (2003) (holding an order compelling discovery involving privileged information is not immediately appealable); *Waddell v. Kahdy*, 309 S.C. 1, 4, 419 S.E.2d 783, 785 (1992) (explaining an order requiring a party to submit to a deposition is not immediately appealable); *Ex parte Whetstone*, 289 S.C. 580, 580, 347 S.E.2d 881, 881 (1986) (applying the same rule to a non-party).

In this case, the merits of the lawsuit concern whether Doe defamed Marchant. Although Doe has a substantial right in anonymous political speech, the order does not prevent a judgment from which an appeal might be taken. *See* Laura Rogal, *Anonymity in Social Media*, 7 Phoenix L. Rev. 61, 66–67 (2013) ("Although the courts readily uphold the right to speak anonymously, the right to do so is not absolute. . . . [I]t is no surprise that political speech receives the highest level of protection. . . . [However, t]ypes of speech such as defamation, obscenity, and fighting words remain completely unprotected."); *id.* at 67 ("In the context of a conflict between anonymous authors' First Amendment rights and the ability of tort victims to unmask anonymous speakers, courts have engaged in a wary balancing act between the two interests . . . . As a result, the identity of an anonymous

speaker may be disclosed during discovery to protect a litigant's legitimate interest in vindicating a legal right in court.").

**DISMISSED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.