**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julia B. Brooker, Respondent,

v.

Beacham O. Brooker, Jr., in his official capacity as Trustee and individually as a Beneficiary of the Janet B. Brooker Trust, and Ellen B. Corontzes individually and as a Beneficiary of the Janet B. Brooker Trust, Appellants.

Appellate Case No. 2021-000330

———————

Appeal From Richland County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-167
Heard March 4, 2024 – Filed May 8, 2024

———————

**AFFIRMED**

———————

Thornwell F. Sowell, III and Bess Jones DuRant, both of Sowell & DuRant, LLC, of Columbia, for Appellants.

James Mixon Griffin and Margaret Nicole Fox, both of Griffin Humphries LLC, of Columbia, for Respondent.

———————

**PER CURIAM:**  This appeal concerns the proper construction of an estate planning document (the Trust).  Beacham Brooker and Ellen Corontzes argue the circuit court erred in affirming the probate court.  First, they argue the "equalization provision" within Janet B. Brooker's (Decedent) estate plan was not meant to include all lifetime gifts, particularly those predating the Trust.  Second, they argue Julia Brooker is not entitled to an award of attorney's fees and costs.  Third, they argue Julia's trial testimony violated the Dead Man's Statute.  We respectfully disagree with each of these arguments.  Therefore, we affirm.

When a "probate proceeding is equitable in nature, the [appellate] court . . . may make factual findings according to its own view of the preponderance of the evidence." *In re Howard*, 315 S.C. 356, 362, 434 S.E.2d 254, 257–58 (1993).  "[A]n action to construe . . . a trust is equitable in nature . . . ." *Waddell v. Kahdy*, 309 S.C. 1, 5, 419 S.E.2d 783, 786 (1992).  "However, an appellate court still affords a degree of deference to the trial court because it was in the best position to judge the witnesses' credibility." *In re Est. of Kay*, 423 S.C. 476, 480, 816 S.E.2d 542, 544–45 (2018); *see also Lewis v. Lewis*, 392 S.C. 381, 389, 709 S.E.2d 650, 654 (2011) ("The presence of *de novo* review and a willingness, after review, to defer to the fact finder should not be viewed as contradictory positions.").

For the reasons set forth below, we agree with the probate court's finding that the equalization clause is ambiguous.  Therefore, it was proper for the probate court, and thus the circuit court on appeal, to consider extrinsic evidence to evaluate Decedent's intent.  *See Bowles v. Bradley*, 319 S.C. 377, 380, 461 S.E.2d 811, 813 (1995) ("The primary consideration in construing a trust is to discern the settlor's intent."); *id.* ("[W]hen there is no defect on the face of a document but an uncertainty appears upon attempting to effectuate the document, then the document contains a latent ambiguity and parol evidence is admissible to determine the settlor's intent.").

The parties do not dispute the basic premise that Decedent intended to treat her children equally.  There is also no dispute that the equalization provision was included in the Trust to equalize Julia, who has never been married and has no children, with her siblings and their respective spouses and children.  Where the parties disagree, however, is in regard to the "lifetime gifts" language within the equalization provision.  The probate court ultimately concluded that the equalization provision was meant to include all lifetime gifts, including gifts predating the Trust.  This conclusion was largely founded on Decedent's intent to not disadvantage or treat Julia differently and on certain language in the equalization provision, mainly the phrase: "[Decedent] has previously given lifetime gifts and will continue."  The probate court then found the total amount of Decedent's lifetime gifts to Beacham,

Ellen, their spouses, and their children should be divided by two, so that Julia would be equalized with the rest of her family but would not receive more than them.

We agree with the probate court's conclusion, which the circuit court affirmed, that Decedent's intent to treat Julia equally necessarily required including lifetime gifts that predated the Trust. The plain language of the equalization clause does not provide a clear answer, but equal means equal, and as we noted above, it is uncontested that Decedent intended to not only treat all of her children equally, but also to align Julia with the children and spouses of Beacham and Ellen. *See Bowles*, 319 S.C. at 380, 461 S.E.2d at 813 ("The primary consideration in construing a trust is to discern the settlor's intent."). Therefore, we affirm the probate court's interpretation of the equalization provision and the corresponding award to Julia.

Beacham and Ellen argue it was error to award attorney's fees and costs to Julia because (1) the courts should have ruled in Beacham and Ellen's favor and thus "no award of attorney's and professional's fees to Julia should have been made" and (2) "even if the [p]robate [c]ourt was correct with its orders, it did not find in favor of Julia, *in toto*." We disagree. In trust cases, the probate court may award fees "as justice and equity may require." S.C. Code Ann. § 62-7-1004 (2022). Here, the probate court issued fees after it ruled in Julia's favor. The court further reasoned that having Decedent's estate fund Beacham and Ellen's fees, but not Julia's fees, would amount to unequal treatment among the siblings. Because we find the award well supported by the record, we affirm. *See Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) ("[T]he court should consider the following six factors when determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services."); *id.* ("[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports [the court's analysis]."); *see also Deborah Dereede Living Tr. dated Dec. 18, 2013 v. Karp*, 427 S.C. 336, 346, 831 S.E.2d 435, 441 (Ct. App. 2019) ("We must affirm a trial court's fee award if any evidence supports it.").

We need not reach the argument that Julia's testimony violated the Dead Man's Statute because, even if it was error to admit the testimony, that error would be harmless. As the probate court astutely observed, the challenged portion of Julia's testimony was completely cumulative to other properly admitted testimony. *See Brooks v. Kay*, 339 S.C. 479, 487, 530 S.E.2d 120, 124 (2000) ("Where testimony in violation of the Dead Man's Statute is cumulative to other properly admitted testimony, the admission of the improper testimony may be held to be harmless.").

Additionally, the probate court was adamant that it did not rely on Julia's testimony in making its decision, and we do not find Julia's testimony material to our decision here. *Contra id.* at 487, 530 S.E.2d at 124 ("This testimony was central to both the trial court and Court of Appeals' decisions . . . .").

Beacham and Ellen make additional arguments alleging the probate court gave improper weight to other evidence. They contend that "the only competent evidence regarding [Decedent]'s intent comes from . . . her estate planner and his partner, and the ambiguous Trust Agreement. Neither Julia nor [her financial expert] can testify as to [Decedent]'s intent." We understand the probate court's findings and conclusions to be largely driven by the estate planner's testimony that Decedent intended for her children to be treated equally and for Julia to not be disadvantaged. It is certainly true that the probate court ultimately disagreed with the estate planner's testimony about including pre-trust gifts in the equalization, but again, we understand this as being driven by the ambiguity in the equalization provision and the mathematical fact that it was not possible to treat Julia equally without accounting for the substantial pre-trust gifts Decedent made, particularly to her grandchildren.

Beacham and Ellen also argue Julia's financial expert was not competent to testify. We see no sound basis for concluding the probate court abused its discretion in admitting this testimony. *See R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000) ("The court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law.").

For these reasons, the probate court and circuit court orders are

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**